[This decision has been published in *Ohio Official Reports* at 75 Ohio St.3d 565.]

THE STATE EX REL. MIDWEST PRIDE IV, INC., APPELLANT, *v.* PONTIOUS, JUDGE, APPELLEE.

[Cite as *State ex rel. Midwest Pride IV, Inc., v. Pontious*, 1996-Ohio-459.]

*Mandamus to compel common pleas court judge to vacate his order setting aside sheriff's sale of real property successfully bid on by relator—Complaint dismissed, when.*

(No. 95-1297—Submitted April 15, 1996—Decided June 5, 1996.)

APPEAL from the Court of Appeals for Fayette County, No. CA94-09-008.

————————————

{¶ 1} According to its complaint, Midwest Pride IV, Inc. ("M.P."), appellant, was the successful bidder for real property at a sheriff's sale in Fayette County. Fayette County Common Pleas Judge Victor D. Pontious, Jr., appellee, ordered the sheriff's sale in *Jean Palmer, Treasurer of Fayette County v. Bobby Ward et al.,* case No. CIV930138, due to Bobby and Betty Ward's failure to pay delinquent real estate taxes. The other defendants in the foreclosure action were Roger's Roadside Inns of America, Inc., a mortgagee, and Ohio Motor Inns, Inc., which did not pursue any claim in the premises.

{¶ 2} Prior to the sheriff's sale, three different appraisers estimated the value of the property at $50,000 pursuant to R.C. 2329.17. Notice of the sale was published pursuant to R.C. 2329.26 and 2329.27. M.P. bid $65,000, or more than two-thirds of the appraised value of the property that R.C. 2329.20 requires for a sale. M.P. also secured its bid with a deposit of ten percent of the bid price, or $6,500.

{¶ 3} On August 2, 1994, before confirmation of the sale pursuant to R.C. 2329.31 (deed of property goes to purchaser if no irregularity in proceedings at sheriff's sale), the Fayette County Treasurer moved to set the sale aside. The

treasurer represented, without evidentiary basis, that appraisals of the property had been based on erroneous information, that this information had been announced at the sale, and that the announcement had "stifled" the bidding process. M.P. was not named a party in the underlying foreclosure proceeding, but it was served notice of the treasurer's motion and the September 2, 1994 hearing date scheduled for the motion. M.P. did not respond to the motion within fourteen days as required by Rule 5.01 of the Rules of Practice of the Fayette County Common Pleas Court.

{¶ 4} On August 29, 1994, several days before the scheduled hearing, Judge Pontious granted the treasurer's motion and set aside the sale, finding that "statements made to the appraisers prior to the taking of bids may have prejudiced the bidding." The judge granted the motion by an entry approved and filed by attorneys for the treasurer and Ward. The day after this filing, M.P. filed a motion to intervene and a "proposed" complaint seeking confirmation of the sale. Judge Pontious denied the motion to intervene by entry filed on October 19, 1994, noting that M.P. had not timely responded to the set-aside motion.

{¶ 5} On September 26, 1994, M.P. sought a writ of mandamus to compel Judge Pontious to vacate the order setting aside the sale and to conduct a hearing on the treasurer's motion. M.P. claimed it could prove the appraisers had not been influenced by erroneous information and that erroneous information had not been announced at the sale. Judge Pontious answered the complaint, admitting the proceedings in the underlying foreclosure action, and later filed combined motions for summary judgment, judgment on the pleadings, and dismissal. The Court of Appeals for Fayette County granted the motion for dismissal, finding that M.P. had no right to a hearing under R.C. 2329.31 and *Ohio Savings Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 563 N.E.2d 1388.

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Berkman, Gordon, Murray & DeVan, J. Michael Murray, Lorraine R. Baumgardner and Jeremy A. Rosenbaum*, for appellant.

*John H. Wead*, for appellee.

_____

**Per Curiam.**

{¶ 7} For a writ of mandamus to issue, the relator must possess a clear legal right to the respondent's performance of a clear legal duty and have no adequate remedy in the ordinary course of law. *State ex rel. Scripps Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas* (1995), 73 Ohio St.3d 19, 20, 652 N.E.2d 179, 181. The court of appeals dismissed this cause on the grounds that M.P. could not establish its clear legal right to a hearing on the motion to set aside the sheriff's sale or Judge Pontious's clear legal duty to conduct such a hearing. For the reasons that follow, we affirm.

{¶ 8} In authorizing the transfer of property upon confirmation of a sheriff's sale, R.C. 2329.31 provides:

{¶ 9} "Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, *on careful examination of the proceedings of the officer making the sale,* if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the common pleas court to make an entry on the journal that the court is satisfied of the legality of such sale and that the officer make to the purchaser a deed for the lands and tenements." (Emphasis added.)

{¶ 10} M.P. argues that the emphasized language confers a statutory right to a hearing on the successful bidder at a sheriff's sale. We disagree. In *Union Bank Co. v. Brumbaugh* (1982), 69 Ohio St.2d 202, 208, 23 O.O.3d 219, 223, 431 N.E.2d 1020, 1025, we recognized that "[t]here is no statutory dictate that a hearing

be held [after a sheriff's sale]." Thus, the court of appeals correctly concluded that R.C. 2329.31 does not confer the clear legal right or clear legal duty M.P. asserts.

{¶ 11} M.P. also seems to assert a due process right to a hearing prior to confirmation or vacation of a sheriff's sale. M.P. provides no authority or analysis as to whether its successful bid was a property interest protected by the Fourteenth Amendment to the United States Constitution. We, however, need not decide this issue because M.P. received all that due process requires -- notice and an opportunity for some kind of hearing prior to deprivation of a protected interest. *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed.865; *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. M.P. admittedly received notice of the treasurer's motion to set the sheriff's sale aside, but failed to respond within fourteen days as required by local rule. This opportunity was sufficient due process under the circumstances, regardless of whether M.P. was entitled to it.

{¶ 12} M.P. mainly relies on *Reed v. Radigan* (1884), 42 Ohio St. 292, as authority for its right as the successful bidder or "purchaser" to participate in proceedings to confirm or vacate a sheriff's sale. *Reed,* at 294, quoted the statement in *Ohio Life Ins. & Trust Co. v. Goodin* (1860), 10 Ohio St. 557, 566, that "parties [to a foreclosure action]—the plaintiff, the defendant and the purchaser—may be heard" at the confirmation or vacation of a sheriff's sale, and these cases have been cited to establish the successful bidder's "right" to be heard on the issue of confirmation. See, *e.g., Citizen's Loan & Savings Co. v. Stone* (1965), 1 Ohio App.2d 551, 553, 30 O.O.2d 584, 585, 206 N.E.2d 17, 19; *Ohio Savings Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 57, 563 N.E.2d 1388, 1391 (Herbert R. Brown, J., dissenting). M.P. maintains that this "right" was acknowledged and left undisturbed by *Ambrose* , *supra*. The court of appeals correctly disagreed.

{¶ 13} *Ambrose* cited *Reed* for the premise that purchasers at a sheriff's sale generally possess "some type of interest in the *proceedings* prior to confirmation."

*Id*. at 54, 563 N.E.2d at 1389. This interest, however, was not enough to give the purchaser standing to appeal if the defendant-mortgagor later redeemed the property and a court set the sale aside. Rather, we held that "purchasers have no rights until the sale is confirmed." *Id*. at 55, 563 N.E.2d at 1389. We based this holding on another observation in *Reed*—that a purchaser has no vested rights in property until confirmation of a sheriff's sale, and if confirmation is refused, "the rights of the purchaser fall to the ground." *Reed*, 42 Ohio St. at 294. In effect, we found that a purchaser's interest evaporated upon denial of confirmation, such that the purchaser could not establish the "aggrieved" status necessary for standing. *Ambrose* at 56, 563 N.E.2d at 1390, fn. 3. Thus, far from an absolute right to participate in proceedings to vacate a sheriff's sale, *Ambrose* recognized only that, absent confirmation, a purchaser had no actionable interest by virtue of the successful bid alone.

{¶ 14} M.P., however, insists that since *Ambrose,* courts have continued to recognize the "right" of potential purchasers to participate in hearings prior to vacation or confirmation. M.P. cites one relevant case -- *Federal Home Loan Mtge Corp. v. Slagle* (Dec. 4, 1992), Lake App. Nos. 92-L-022 and 92-L-035, unreported. In *Slagle*, two bidders each asserted that their bid had been accepted by the deputy sheriff conducting the sale, and both bidders were permitted to intervene, one of whom successfully moved to have the sale set aside. The *Slagle* court followed *Ambrose* as to the unavailability of any appeal for the purchasers, holding that this rule applied even though these purchasers had intervened and the purchasers in *Ambrose* had not. The court later found a right to participate in the confirmation proceedings that stemmed from *Ambrose* and *Reed*.

{¶ 15} But *Slagle* does not support M.P.'s right to a hearing under the facts alleged here. The purchasers in *Slagle* were granted leave to intervene; M.P. was not. Moreover, to read *Slagle* as recognizing a right to a hearing, irrespective of intervention, elevates the purchaser's interest to a level *Ambrose* did not intend.

Again, in referring to the purchaser as having "some type of interest in the proceedings prior to confirmation," *Ambrose* hardly declared the purchaser's absolute right to be heard. *Id.* at 54, 563 N.E.2d at 1389. Moreover, *Ambrose* affirmed the dismissal of an appeal from the vacation of a sheriff's sale on the grounds that (1) the purchasers had "no interest in the property prior to confirmation," *id.* at 55, 563 N.E.2d at 1390, and (2) "their failure to intervene as parties divested them of their capacity to appeal the decision of the trial court," *id.* at 54, 563 N.E.2d at 1389-1390. Thus, *Ambrose* is consistent with a finding that the purchaser's ability to participate in confirmation proceedings as a party, for any purpose, depends on the purchaser's intervention.

{¶ 16} M.P.'s final argument on the issues of clear right and clear duty is essentially that Judge Pontious erred or abused his discretion by setting aside the sheriff's sale *ex parte* and without evidence of irregularities. M.P. complains that the treasurer submitted no evidence with the set-aside motion and that only two of at least three named defendants in the foreclosure action agreed to the entry setting aside the sale.

{¶ 17} Mandamus does not lie to control judicial discretion, R.C. 2731.03, or to correct judgments manifesting an abuse of discretion. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 180, 631 N.E.2d 119, 122. Moreover, the allegations in M.P.'s complaint, as well as the incorporated exhibits,[1] do not establish an abuse of discretion.

{¶ 18} The record before Judge Pontious contained the agreed entry of the treasurer and Ward that irregularities had occurred in the sheriff's sale and had "prejudiced the bidding." True, the unincluded parties to the foreclosure action might have objected to the entry; however, the entry still had evidentiary value.

---

1. Incorporated material may be considered as part of the complaint. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 109, 647 N.E.2d 799, 802.

Judge Pontious thus permissibly relied on the agreed entry identifying irregularities in the sheriff's sale. See, *e.g.*, *Merkle v. Merkle* (1961), 116 Ohio App. 370, 22 O.O.2d 202, 188 N.E.2d 170 (court did not abuse its discretion in setting aside judicial sale by relying on disputed testimony of plaintiff that he intended to offer a more competitive bid).

{¶ 19} M.P. also assails the court of appeals' procedural disposition, arguing that its complaint stated a cause of action sufficient to withstand a Civ.R. 12(B)(6) motion to dismiss. We disagree with M.P.'s characterization of the court of appeals' ruling, as well as with M.P.'s claim of procedural error.

{¶ 20} A reviewing court must examine the entire journal entry and the proceedings below where necessary to ascertain the precise basis of a lower court's judgment. *Joyce v. Gen. Motors Corp*. (1990), 49 Ohio St.3d 93, 95, 551 N.E.2d 172, 174. Here, the parties concur that the court of appeals reviewed Judge Pontious's "Motion for Summary Judgment for the Respondent; Motion for Judgment for Respondent on Pleadings; Motion to Dismiss" as a Civ.R. 12(B)(6) request for dismissal of the complaint. Upon review of the entire record, however, we view the court's ruling as having granted the Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 21} We draw our conclusion first from the fact that Judge Pontious filed his tripartite motion after having answered the complaint. "[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C)." *Lin v. Gatehouse Constr. Co*. (1992), 84 Ohio App.3d 96, 99, 616 N.E.2d 519, 520. Second, the court of appeals obviously considered Judge Pontious's answer, if only for the allegation that he had recently overruled M.P.'s motion to intervene. Civ. R. 12(C) permits consideration of the complaint and answer, but a Civ.R. 12(B)(6) motion must be judged on the face of the complaint alone. *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 402-403, 594 N.E.2d 60, 62. Third, the standards for Civ. R. 12(B)(6)

and (C) motions are similar,[2] but Civ.R. 12(C) motions are specifically for resolving questions of law, *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117. Under Civ. R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Lin, supra*, 84 Ohio App.3d at 99, 616 N.E.2d at 521. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Burnside, supra,* 71 Ohio App.3d at 403, 594 N.E.2d at 62.

{¶ 22} In the main, M.P. argues that the court of appeals did not comply with these standards by accepting its allegations as true and construing in its favor all reasonable inferences. M.P. cites only one example—the appellate court's finding that "the parties in the underlying foreclosure action agreed to set aside the sale." M.P. claims this finding contradicts the allegation that M.P. and Roger's Roadside Inns of America, Inc. (a named defendant) did not sign the agreed entry of August 29, 1994.

{¶ 23} The absence of M.P.'s consent to the August 29, 1994 entry, however, was not material to the court of appeals' conclusion that, after *Ambrose,* this successful bidder had no right to participate in the underlying foreclosure action. The allegation indicates that M.P. did not participate as a party, not that it was entitled to do so. Similarly, Judge Pontious's failure to require a named defendant's consent has no bearing on M.P.'s legal capacity to be heard.

---

2. Under Civ.R. 12(B)(6), a complaint may be dismissed only if the court (1) accepts all factual allegations as true, (2) draws all reasonable inferences in favor of the nonmoving party, and (3) still concludes beyond doubt from the complaint that no provable set of facts warrants relief. *State ex rel. Edwards, supra,* 72 Ohio St.3d at 108, 647 N.E.2d at 802; *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806.

**{¶ 24}** The court of appeals correctly determined that M.P., as the successful bidder at a sheriff's sale, was not entitled to be heard prior to vacation of the sale. This legal conclusion is permissible under Civ.R. l2(C). Accordingly, the court of appeals did not err in dismissing this cause on the basis of Judge Pontius's motion for judgment on the pleadings.

**{¶ 25}** The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

—————————————