OPINION
This is an accelerated calendar appeal. Appellant, St. Andrews Condominium Association, appeals the judgment of the Lake County Court of Common Pleas that dismissed appellant's breach of contract claim against appellees, Glen Eagles Development, Barrington Industries, Inc., and Independent Financial Corp., pursuant to Civ.R. 12(C). For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Appellant is a condominium association and appellees are involved in a partnership that develops condominiums. Appellant and appellees developed condominiums on contiguous property with adjoining borders in Concord, Ohio. On April 1, 1996, the parties signed an agreement that purported to obligate appellees to perform certain landscaping work on or near the border of the two properties and on appellant's property.
On September 12, 1997, appellant filed an amended complaint against appellees, alleging that appellees breached the agreement to install the specific landscaping. Attached to the complaint and incorporated by reference thereto was a copy of the April 1, 1996 contract. The contract was signed by all parties, but contained no reference to any consideration. In particular, there was no indication as to what benefit appellees were receiving in exchange for performing their obligations under the contract or what promise was made by appellant.
However, appellant alleged in the complaint that there was a contract supported by consideration. The complaint states:
 "6. The agreement between the parties is supported by consideration between the parties. The Defendants received a benefit or advantage by entering into this agreement. As further consideration of the agreement, the Plaintiff refrained from taking legal action against the Defendants as a result of the Plaintiff and the Defendants entering into the agreement."
Appellees subsequently moved the court for judgment on the pleadings pursuant to Civ.R. 12(C) on the grounds that the contract failed for want of consideration. In this regard, appellees argued that forbearance from filing suit can only constitute valid consideration for a contract when the agreement provides a definite period of time in which the party agrees not to file suit.
The trial court ultimately granted appellees' motion on the ground that the contract failed to fix a definite time frame for forbearance. As a result, the trial court found that no consideration existed and that appellees were entitled to judgment in their favor.
Appellant perfected a timely appeal, asserting two assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS BECAUSE THE AMENDED COMPLAINT OF THE APPELLANT CLEARLY SET FORTH A VALID CAUSE OF ACTION.
 "[2.] THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS AND THEN DID NOT ALLOW THE APPELLANT AN OPPORTUNITY TO AMEND ITS COMPLAINT TO SATISFY THE TECHNICAL PLEADING REQUIREMENT THAT THE COURT IMPOSED IN THIS CASE."
Initially, we note the correct standard of review governing the grant of a Civ.R. 12(C) motion for judgment on the pleadings.[1] Under Civ.R. 12(C), dismissal is appropriate where a court construes the material allegations in the complaint in favor of the nonmoving party, including all reasonable inferences to be drawn therefrom, and finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. State ex rel. Midwest Pride IV, Inc.v. Pontious (1996), 75 Ohio St.3d 565, 570. In other words, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. Id.
In the case at bar, appellant argues that the trial court erred by requiring him to plead with specificity the fact that its agreement to refrain from suing appellees lasted for a definite period of time. We agree with appellees, however, that the trial court did not hold the same.
A review of the trial court's judgment reveals that it granted appellees' Civ.R. 12(C) motion on the ground that the attached agreement failed to contain a provision indicating a definite time period for appellant's forbearance from filing suit against appellees. Apparently, the court believed that the absence of such a provision entitled appellees to judgment as a matter of law. The trial court did not grant the motion because of any failure to plead the issue with specificity.
Nevertheless, we agree with appellant that the trial court erred as a matter of law when it granted the motion. "The general rule is that consideration for a contract need not be recited or expressed in the writing, since the consideration may be proved by parol evidence or may be inferred from the terms and obvious import of the contract." (Footnotes omitted.) 17 Ohio Jurisprudence 3d (1980) 478, Contracts, Section 46. See, also,Carlisle v. T R Excavating, Inc. (1997), 123 Ohio App.3d 277
(relying in part on the testimony of the parties to ascertain whether the agreement between the parties was supported by consideration).
We further note that the subject agreement is a service contract and that the parties intended the services to be completed in June 1996, less than one year from the date of its execution. As such, the Statute of Frauds as codified in R.C.1335.05 would not require that any of the contract be in writing.
Keeping in mind that the issue of consideration could be established at trial, the trial court erred when it relied solely on the terms of the agreement to conclude that the agreement failed for want of consideration. Here we emphasize that the court was required to view the assertions in appellant's complaint as true. Since appellant alleged in the pleadings that the contract was supported by consideration, the trial court was required as a matter of law to presume the same.[2] Thus, because appellant could prove a set of facts in support of his claim, the motion to dismiss was granted in error. Civ.R. 12(C);Midwest Pride IV, supra. Appellant's first assignment of error is well-taken.
In light of our disposition of the first assignment, appellant's second assignment of error has been rendered moot. The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] Civ.R. 12(C) reads: "Motion for judgment on thepleadings. After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings."
[2] Of course, a different result could be reached in a summary judgment exercise, depending on the arguments and evidential submissions of the parties.