OPINION
Laureen A. Kooyman appeals from a judgment of the Clark County Court of Common Pleas, which granted a Civ.R. 12(C) motion for judgment on the pleadings in favor of the Clark County Sheriff and the Clark County Board of Commissioners.
On June 3, 1997, Kooyman was arrested and taken to the Clark County Jail. In her complaint, she alleged that while she was in jail, she had informed the sheriff's deputies that she had a "medical condition which required self-catheterization at least seven (7) times daily" but that the deputies had "refused to allow [her] to utilize said necessary treatments." She claimed that she had to have surgery and to endure pain and suffering as a result of the deputies' conduct. The sheriff and the county commissioners filed a motion for judgment on the pleadings on the ground that they were immune from liability pursuant to Chapter R.C. 2744. The trial court granted the motion.
Kooyman raises one assignment of error on appeal.
 THE COURT ERRED TO APPELLANT'S PREJUDICE BY GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OF THE OHIO RULES OF CIVIL PROCEDURE.
Kooyman claims that the trial court should not have granted judgment on the pleadings because, if she could prove that the sheriff's deputies' actions were malicious, in bad faith, or wanton and reckless, the actions would fall within an exception to the R.C. Chapter 2744 immunity for political subdivisions.
A judgment on the pleadings is appropriate only where a court construes the material allegations in the complaint and all reasonable inferences to be drawn therefrom in favor of the nonmoving party and nonetheless finds that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. State ex rel. Midwest Pride IV,Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570.
R.C. 2744.02(A) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function" except as provided in the statute. R.C. 2744.02(B) enumerates the exceptions to the general rule,i.e., situations in which political subdivisions may be held liable for injury, death, or loss.
None of the exceptions to immunity enumerated in R.C. 2744.02(A) were applicable to the facts alleged in Kooyman's complaint. As such, the trial court did not err in granting judgment on the pleadings.
In her brief, Kooyman attempts to characterize her complaint as alleging intentional conduct on the part of the sheriff's deputies rather than mere negligence, and she asserts that the immunity provisions of R.C. 2744.02(A) do not apply if the employees of a political subdivision act maliciously, in bad faith, wantonly or recklessly. In our view, however, the complaint cannot reasonably be construed to have alleged malicious, wanton, or reckless conduct, rather than negligent conduct. The complaint stated, in pertinent part:
 8. Upon arrival at the Clark County Jail, Plaintiff made Defendant Sheriffs known [sic] of her medical condition which required self-catheterization at least seven (7) times daily.
 9. * * * [W]hile acting in the scope of their employment, Defendant Sheriffs refused to allow Plaintiff to utilize said necessary treatments.
 10. In so doing, Defendant Sheriffs breached the owed duty to Plaintiff to provide for her medical needs, and to use reasonable care and caution in fulfilling said duty.
* * *
 12. As a further direct and proximate result of Defendants' negligence, Plaintiff was unable to work for a period of time.
 13. Said harm to Plaintiff was the direct and proximate result of the breach of the Defendants' duty of care owed to Plaintiff.
* * *
 17. It was the duty of Defendant Sheriffs to use due care and to operate the Clark County Jail in a careful and prudent manner so as not to carelessly and negligently injure Plaintiff.
 18. In the ordinary course of events, jails operated in a careful and prudent manner do not cause physical harm to inmates, and Defendant Sheriffs would not have caused Plaintiff's medical ailment had they been exercising due care in the management and control of the jail.
* * *
We disagree with Kooyman's contention on appeal that the use of the verb "refused" in paragraph nine was sufficient to allege malicious, wanton, or reckless conduct on the part of the deputies, when the complaint otherwise clearly sounded in negligence. Although Civ.R. 9(B) provides that malice, intent, knowledge, and other conditions of mind may be asserted generally, they must nonetheless be asserted, notwithstanding the possibility that their existence may arguably be inferred from the operative facts set forth in the pleadings. Moreover, Kooyman's argument misconstrues the effect of actions by a political subdivision's employee that are done maliciously, in bad faith, or in a wanton and reckless manner. R.C. 2744.03(A)(6)(b) provides that an employee of a political subdivision is not entitled to the immunity afforded by the statute if his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. The statute does not provide that the political subdivision is liable for the actions of such an employee. Kooyman's complaint did not name any county employees in their individual capacities and thus, the trial court was not required to consider whether any of the employees might have forfeited his immunity pursuant to Chapter 2744 by acting maliciously, wantonly, recklessly, or in bad faith.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.