I agree that the trial court was correct when it dismissed Plaintiffs' action, though not for the reasons Judge Brogan suggests.
The issue before the trial court was presented in multiple Civ.R. 12(B)(6) and Civ.R. 12(C) motions filed by various Defendants. In either case, the court was limited to the face of the pleadings in determining the issue, which is whether the claims for relief Plaintiffs presented were legally sufficient to obtain the relief requested.
The relief Plaintiffs requested was recission of their obligations to the Defendants pursuant to R.C. 1707.43. To that end, they pleaded that each of the transactions alleged "is a `security', as defined by Ohio Revised Code Section 1707.01(B)." (Complaint, paragraph 32.) That allegation recited operative facts sufficient to meet the minimal requirements of "notice pleading" in Civ.R. 8(A). The claim was not one of those "special matters" which, per Civ.R. 9, must be pleaded with greater particularity. Neither were the Plaintiffs required to attach copies of management agreements or other documents to their complaint to portray their averment that a "security" was involved.
Nevertheless, the trial court was authorized to consider the operative facts which were pleaded in other portions of Plaintiff's complaint in deciding the issue presented. If those allegations show beyond doubt that the Plaintiff could prove no set of facts warranting relief, the motions should be granted. State ex rel. Midwest Pride IV, Inc., v. Pontious (1996), 75 Ohio St.3d 565. However, so long as there is a set of facts presented that is consistent with the relief requested, the court may not grant the motions to dismiss. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143.
The factual allegations in paragraph 30 of the complaint reciting the inducements that Defendant Theran J. Alexander gave to each of the Plaintiffs undoubtedly portray a series of discreet real estate purchases that prevent a finding that a common enterprise was involved, for the reasons that Judge Brogan has explained. If those allegations are true, then the contracts cannot be "securities" under the standards we have previously set out. See Brannon v. Rinzler (1991), 77 Ohio App.3d 749. The trial court correctly found that they are not securities. Its helpful reference to Federal standards illuminates the analysis applied to resolve the issue the court was required to determine.