OPINION
{¶ 1} Plaintiff-appellant Jack Miller appeals from an order dismissing his complaint against defendant-appellee Oswald Koller. Miller contends that the trial court erred when it found that the complaint failed to state a claim against Koller upon which relief could be granted. The trial court concluded that the complaint lacked allegations sufficient to pierce the corporate veil.
{¶ 2} We agree with Miller that his complaint does not predicate Koller's individual liability upon a theory that he is the alter ego of the corporate defendant, Medical Economics Consultants Company, Inc., but alleges instead that Koller is liable for his own, individual violations of the Fair Debt Collection Practices and Ohio Consumer Sales Practices acts. Accordingly, the order of the trial court dismissing the complaint against Koller is reversed, and this cause is remanded for further proceedings.
 I
{¶ 3} Miller originally brought this action against Emergency Medicine Specialists, Inc., dba Medasyst Medical Credit, alleging violations of the Fair Debt Collection Practices and Ohio Consumer Sales Practices acts. Subsequently, he filed an amended complaint naming as defendants Medical Economics Consultants Company, Inc., dba Medasyst Medical Credit, and Oswald Koller, also alleging violations of the Fair Debt Collection Practices and Ohio Consumer Sales Practices acts. Miller then dismissed the original defendant, Emergency Medicine Specialist, Inc.
{¶ 4} Koller moved to dismiss the complaint against him, upon the grounds that it failed to state a claim against him upon which relief could be granted. Koller asked, in the alternative, for summary judgment. The trial court, concluding that the amended complaint failed to allege facts sufficient to pierce the corporate veil, granted the motion to dismiss the amended complaint against Koller.
{¶ 5} Later, but before the claim against the corporate defendant had been adjudicated, Miller moved to reconsider the dismissal of the claim against Koller. This motion was denied. Thereafter, Miller obtained default judgment against the corporate defendant.
{¶ 6} Miller appeals from the order dismissing his amended complaint against Koller. It is this appeal with which we are concerned.
 II
{¶ 7} Miller's sole assignment of error is as follows:
{¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT KOLLER'S MOTION TO DISMISS AND DENYING MR. MILLER'S MOTION FOR RECONSIDERATION."
{¶ 9} When determining whether or not to dismiss a complaint pursuant to Civ.R. 12(B)(6), the trial court is limited to the face of the complaint. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 569, 664 N.E.2d 931. All factual allegations of the complaint must be accepted as true. Vail v. The Plain Dealer PublishingCo. (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182. Furthermore, the plaintiff must be afforded all reasonable inferences therefrom. Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. ". . . [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242, 245,327 N.E.2d 753.
{¶ 10} When determining whether a complaint states a claim, the pleadings must be liberally construed. Civ.R. 8(F).
{¶ 11} In the case before us, only two defendants are named in the amended complaint, Medical Economics Consultants Co., Inc., and Oswald Koller. All of the facts alleged in the amended complaint as giving rise to claims under the Fair Debt Collection Practices and Ohio Consumer Sales Practices acts are alleged to have been performed or omitted by the "defendants." Because there are only two defendants named in the amended complaint, these allegations unambiguously include Koller, one of the two defendants, within their scope. Accordingly, all of the acts or omissions upon which Miller predicates relief are attributed to Koller, as well as to the corporate defendant. Whether Miller can prove these allegations remains to be seen. According to the amended complaint, Miller is not predicating Koller's liability upon a piercing-the-corporate-veil theory, in which Koller would be deemed to be the alter ego of the corporation, and therefore liable for its acts. To the contrary, Miller is alleging that Koller individually performed the acts, or omitted to perform them, giving rise to his individual liability under the Fair Debt Collections Practices and Ohio Consumer Sales Practices acts. The amended complaint does state a claim against Koller, individually, and the trial court erred when it dismissed the amended complaint against Koller upon the grounds that it failed to state a claim upon which relief could be granted.
{¶ 12} Miller's sole assignment of error is sustained.
 III
{¶ 13} Miller's sole assignment of error having been sustained, the order of the trial court dismissing the amended complaint against Koller is reversed, and this cause is remanded for further proceedings consistent with this opinion.
WOLFF, P.J., and GRADY, J., concur.