OPINION
{¶ 1} Plaintiff-appellant Fredric R. Nadeau appeals from a judgment on the pleadings rendered against him pursuant to Civ. R. 12(C). Nadeau contends that the trial court erred in finding that his claim is barred by statutory immunity.
 {¶ 2} We conclude that the pleadings support the trial court's decision to render judgment on the pleadings, albeit for reasons differing from those of the trial court. Specifically, we conclude that the pleadings, liberally construed, set forth allegations that Nadeau's property was damaged as a result of a faulty design of a sewer system, which is specifically set forth in the governmental immunity statute, R.C. 2744.01(C)(2)(l), as a governmental function, for which there can be liability only if the governmental entity acted with "malicious purpose, bad faith or in a wanton or reckless manner." Because Nadeau, in his pleadings, has not alleged that the defendant-appellee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, having merely alleged that the defendant-appellee acted negligently, the judgment of the trial court is Affirmed.
 I {¶ 3} The facts relevant to this case are gleaned from the Amended Complaint filed by Nadeau.
 {¶ 4} Nadeau owns rental property located in the City of Fairborn (the City). In July of 2003, a nearby sewage pump failed, and raw sewage backed up into the property. No alarm sounded when the pump failed.
 {¶ 5} The City was notified of the back-up, and it dispatched personnel to Nadeau's property. Nadeau was informed by City personnel that "all the power coming into the pump house [near the rental property] went into a monitor box, from which power was then branched off to the alarm system and to the back-up generator to run the sewage pump." When the power to the monitor box went out, the alarm system was not able to send an alarm to the office, and the back-up generator could not be started. The City personnel agreed with Nadeau's statement that the back-up was the result of a faulty wiring design. The City assisted with the clean-up of the property, and re-wired the sewage pump house near the rental property.
 {¶ 6} Nadeau filed a complaint in the small claims division of the Fairborn Municipal Court. Upon motion by the City, the case was removed to the court's regular docket. The City filed an answer, and a motion for judgment on the pleadings pursuant to Civ.R. 12(C). The motion for judgment on the pleadings was based upon the City's claim that it enjoys statutory immunity from Nadeau's claim.
 {¶ 7} Thereafter, Nadeau filed a motion to amend his complaint, along with an amended complaint, as well as a response to the motion to dismiss.[1] In the amended complaint, Nadeau averred that the City was "negligent in the design, maintenance and/or operation of the sewer pump and alarm and back-up pump that services [the rental property]."[2]
 {¶ 8} The trial court found that it was undisputed that the "maintenance, destruction, operation and upkeep of a sewer is a proprietary function [pursuant to R.C. 2944.01(G)(2)(d)]." Therefore, the trial court reasoned that the City could be held liable under R.C. 2744.02(B)(2) — one of the statutory exceptions to immunity. However, the trial court found that the City had a defense, in that Nadeau failed to allege that the City acted with "malicious purpose, bad faith or in a wanton or reckless manner [as set forth in R.C. 2744.05(A)(5)]." Thus, the trial court rendered judgment on the pleadings against Nadeau. Nadeau appeals from the judgment rendered against him.
 II {¶ 9} Nadeau's First, Second, Third and Fourth Assignments of Error state:
 {¶ 10} "The trial court erred in granting defendant/appellee's motion for judgment on the pleadings on grounds that defendant was immune pursuant to Ohio Revised Code2744.03(A)(3).
 {¶ 11} "The trial court erred by finding that the defendant was immune under Ohio Revised Code 2744.03(A)(5).
 {¶ 12} "The trial court erred by finding that plaintiff/appellant was required to plead that the conduct of the defendant was wanton and reckless in order for the defendant to be liable for the negligent acts of its employees.
 {¶ 13} "The trial court erred in granting defendant's motion for judgment on the pleadings referencing Ohio Rule 12(C) stating that plaintiff could prove no set of facts in support of his claim that would entitle him to relief."
 {¶ 14} We first begin by noting that the City has filed a motion to strike an attachment to Nadeau's Reply Brief. The attachment is titled, "Protocols for Identifying Sanitary Sewer Overflows." We find this motion to be well-taken. This document was not included in any of the pleadings filed with the trial court, and was therefore not considered by the trial court. Consequently, we may not consider it in the course of our appellate review of the propriety of the trial court's decision. The motion to strike is sustained.
 {¶ 15} We next turn to Nadeau's claim that the trial court erred by rendering judgment against him.[3]
 {¶ 16} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. Peterson v. Teodosio (1973),34 Ohio St.2d 161, 166. When reviewing a trial court's decision granting a motion for judgment on the pleadings, we conduct a de novo review of the legal issues without deference to the trial court's determination. Fontbank, Inc. v. Compuserve, Inc.
(2000), 138 Ohio App.3d 801, 807. Under Civ.R. 12(C), a dismissal is appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."State ex rel. Midwest Pride IV, Inc. v. Pontious,75 Ohio St.3d 565, 569, 1996-Ohio-459, citation omitted. Thus, a court can grant a Civ.R. 12(C) motion only if there are no disputed material facts and the pleadings show that the movant is entitled to judgment as a matter of law. See Pontious,75 Ohio St.3d at 570, citation omitted.
 {¶ 17} Whether judgment was properly rendered in this case turns on whether the City is afforded immunity under the provisions of R.C. Chapter 2744.
 {¶ 18} R.C. 2744.02(A)(1) provides that political subdivisions are immune from tort liability "allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." This broad grant of immunity is subject to five exceptions set forth in R.C. 2744.02(B). The second of those exceptions is of relevance to this case. That exception provides that "* * * political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C.2744.02(B)(2). Nadeau contends that the City was engaged in a proprietary function with regard to the sewer system, so that the City is liable under the above-quoted exception. The City contends that it was engaged in a governmental function, so that the above-quoted exception is inapplicable.
 {¶ 19} Governmental and proprietary functions are defined in R.C. 2744.01. Of relevance to this case, a "governmental function" includes "[t]he design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system," while a "proprietary function" includes "[t]he maintenance, destruction, operation, and upkeep of a sewer system." R.C. 2744.01(C)(2)(l) and 2744.01(G)(2)(d).
 {¶ 20} While Nadeau's amended complaint does allege that the City was negligent in the maintenance and upkeep of the sewer system, the facts upon which he bases this allegation involve only the issue of faulty wiring design. There is no factual basis set forth in his complaint or in his amended complaint for the allegation that the City was negligent in the maintenance and upkeep of the system. From our review of the record, we conclude that the entire dispute is centered upon the claim that the system failed because of an allegedly faulty design.
 {¶ 21} As noted above, the design of a sewer system is a governmental function. Therefore, the trial court erred in finding that Nadeau's complaint involved a proprietary function. However, the trial court's ultimate finding, that the City is immune, is the correct result. Therefore, the First, Second, Third and Fourth Assignments of Error are overruled.
 III {¶ 22} Nadeau's Fifth Assignment of Error states as follows:
 {¶ 23} "The court erred in denying plaintiff/appellant the right to collect or introduce to the court, depositions, interrogatories or other evidence gathered during discovery to support negligence claims stipulated in the plaintiff/appellant's amended complaint."
 {¶ 24} Nadeau contends that the trial court erred in denying his requests for discovery.
 {¶ 25} Given our disposition of Nadeau's first four assignments of error, in Part II above, this issue is rendered moot. Therefore, the Fifth Assignment of Error is overruled.
 IV {¶ 26} All of Nadeau's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Grady, JJ., concur.
[1] Although the trial court never ruled on the motion to amend Nadeau's complaint, it is clear from the record that the trial court based its decision that the City enjoyed statutory immunity upon the amended complaint.
[2] The original complaint merely averred that the back-up occurred due to faulty wiring design. The amended complaint added an allegation of negligent maintenance and operation of the sewer system.
[3] Since all of Nadeau's first four assignments of error allege that the trial court erred in rendering judgment on the pleadings, they will be considered together.