DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Huron County Court of Common Pleas, granting a judgment on the pleadings and dismissing an action for failure to state a claim upon which relief may be granted. For the reasons that follow, we affirm.
 {¶ 2} There are two Shannon Clarks: appellant, Shannon M. Clark, resides in Norwalk, Ohio, and, until December 2003, worked for appellee Matrix Automation. The second Shannon Clark whose acts are material to this matter resides in Sandusky, Ohio.
 {¶ 3} According to appellant's complaint, when she left appellee Matrix Automation's employ she elected to "cash out" her company pension plan. Matrix contracts with appellee MFS Retirement Services, Inc. ("MFS") to administer its pension fund. In her complaint, appellant alleges that appellee MFS sent the disbursement check for her pension to the wrong Shannon Clark. Appellant alleged that Shannon Clark from Sandusky cashed the check and kept the money.
 {¶ 4} Appellant sued Shannon Clark to recover the money which was rightfully hers, seeking a judgment in the amount of $505.41. This portion of the suit was later dismissed by appellant.
 {¶ 5} Also included in the suit were claims against appellee Matrix Automation and appellee MFS. Appellant alleged that each appellee had disclosed personal and confidential information concerning her to the other Shannon Clark. Specifically, appellant alleged that the check sent to the other Shannon Clark contained appellant's social security number. Appellant also alleged that when appellee Matrix contacted the Shannon Clark from Sandusky, in an attempt to verify her identity, Matrix disclosed "personal and confidential" information about her. It is not clear from the complaint whether this was again her social security number or some other unspecified information.
 {¶ 6} In the trial court, appellee Matrix moved to dismiss appellant's complaint for failure to state a claim upon which relief may be granted. Appellee MFS moved for a judgment on the pleadings. The trial court granted both motions.
 {¶ 7} From these judgments, appellant now brings this appeal. Appellant sets forth the following two assignments of error:
 {¶ 8} "I. The trial court erred in granting defendant Matrix Automation's motion to dismiss based upon Civ. R. 12(B)(6).
 {¶ 9} "II. The trial court erred in granting defendant MFS Retirement System's motion for judgment on the pleadings."
 {¶ 10} A motion to dismiss for failure to state a cause upon which relief may be granted, pursuant to Civ. R. 12(B)(6), and a motion for judgment on the pleadings, pursuant to Civ. R. 12(C), are premised on the same standard. The principal difference between the two is timing and the material which may be considered. A Civ. R. 12(B)(6) motion is ordinarily filed prior to the answer and consideration of the motion is limited solely to the complaint. A Civ. R. 12(C) motion, however, is premature if advanced prior to the close of pleadings. Hughes v. Robinson MemorialPortage Cty. Hosp. (1984), 16 Ohio App.3d 80, 82; Nelson v. Pleasant
(1991), 73 Ohio App.3d 479, 482. Civ. R. 12(C) permits the court to consider both the complaint and the answer. State ex rel. Midwest PrideIV v. Pontious (1996), 75 Ohio St.3d 565, 569.
 {¶ 11} For either motion, the court must accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192; Lin v. Gatehouse Constr. Co. (1992),84 Ohio App.3d 96, 99. If, on review, the allegations in the complaint are such that the plaintiff can prove no set of facts which would entitle him or her to relief, the moving party is entitled to judgment as a matter of law. Id.; O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 12} With respect to these appellees, appellant has attempted to state a claim of common law invasion of privacy: specifically, that both appellees disclosed private information to the public (the public disclosure tort) and unreasonably intruded into her private affairs (the unreasonable intrusion tort).
 {¶ 13} A person's right to privacy encompasses, "* * * the right to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned." Housh v. Peth (1956), 165 Ohio St. 35
at paragraph one of the syllabus. Actionable intrusion into one's privacy rights includes harm caused by (1) unreasonable intrusion into another's seclusion; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and, (4) publicity that unreasonably places one in a false light before the public. 3 Restatement of the Law 2d, Torts (1977), 376, Section 652A(2)(a)-(d). Each of these claims are recognized in Ohio. Housh
at paragraph two of the syllabus.
 {¶ 14} In this matter, the trial court rejected appellant's public disclosure claim, concluding that, whatever information was revealed by appellees, it was relayed to only one person. Disclosure of private information to a single person, "* * * or even to a small group of persons * * *," does not constitute publicity and "[t]hus is not an invasion of the right of privacy, within the rule * * *." 3 Restatement, supra, 384, Section 652(D), Comment a; Roberts v. Haggan (Feb. 9, 2000), 9th Dist. No. 2845-M.
 {¶ 15} On appeal, appellant wisely abandons the public disclosure claim and focuses on the unreasonable intrusion claim. Unreasonable intrusion "* * * consist[s] of intentional interference with another's interest in solitude or seclusion, either as to his person or to his private affairs or concerns." Keeton, Prosser and Keeton on Torts (5ed, 1984), 854; 3 Restatement, supra, 378, Section 652(B). This category of invasion of privacy can encompass everything from home invasion to wiretapping; from opening another's mail to searching a wallet. Id. at Comment b. It also includes peering into windows, persistent and unwanted telephone calls and unauthorized prying into another's bank account. Keeton, supra, at 854-855. "[T]he intrusion must be something that would be offensive or objectionable to a reasonable person. * * *" Id.
 {¶ 16} Like the trial court, we simply cannot fit the facts appellant alleged into this cause of action. Both appellees were privileged to have appellant's social security number. In the normal course of events, Matrix, as her employer was required to obtain her social security number for tax withholding purposes. MFS needed it to properly administer her pension plan as an agent of her employer. Appellees' possession of appellant's social security number was not the result of any unreasonable intrusion into her affairs. Consequently, the trial court did not err in granting dismissal to appellees pursuant to Civ. R. 12(B)(6) and Civ. R. 12(C). Accordingly, both of appellant's assignments of error are not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., concur.