Brown, C.J.,
dissenting.
{¶ 22} Until 40 years ago, Ohio’s courts dismissed complaints when they contained improper phrasing or other technical mistakes. But in 1970, this court adopted a notice-pleading standard. Civ.R. 8(A). The goal of a notice-pleading standard is to avoid dismissal of claims because of hypertechnical legal requirements. Notice pleading is just that — a pleading that gives notice of the claims asserted. But today, the majority ignores the plain meaning of Civ.R. 8(A) and the concept of notice pleading. The majority concludes that a general averment in a complaint that all the conditions precedent have been met is insufficient to preclude a judgment on the pleadings in favor of the defendant under Civ.R. 12(C). Accordingly, I must respectfully dissent from the majority’s holding that Civ.R. 8(A) requires more than what Kincaid pleaded to withstand a motion for judgment on the pleadings.
{¶ 23} Civ.R. 8(A) requires that a complaint contain only a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment. Civ.R. 8(E) further directs that averments contained in a pleading be simple, concise, and direct. Because Civ.R. 8 clearly establishes that Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Civ.R. 9(C) provides: “In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.”
{¶ 24} Kincaid’s complaint sets forth four counts against Erie, three of which are at issue here: a breach-of-contract claim, a bad-faith claim, and a request for declaratory relief. The complaint consists of general averments setting forth the nature of the action as well as jurisdiction and venue, averments outlining the relevant contractual language, factual averments regarding the actions of Kincaid and Erie, and other factual averments supporting each of the claims before this court. Kincaid’s complaint also avers: “All conditions precedent to Defendant’s payment obligations under its standard form motor vehicle liability insurance policies have been performed by the named Plaintiff * * *.” Additionally, Kincaid attached the relevant insurance contract to his complaint. Thus, the complaint meets the requirements of Civ.R. 8(A).
{¶ 25} The matter before us is based upon the trial court’s dismissal of Kincaid’s claims under Civ.R. 12(C). Civ.R. 12(C) motions are intended to *328 resolve questions of law. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. Under Civ.R. 12(C), dismissal is appropriate only when a court “(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.” Id. “Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.” Id. Taken together, these requirements set a high bar for the moving party to prevail on a motion for judgment on the pleadings.
{¶ 26} The majority frames this case as one involving an issue of standing, a legal issue susceptible of resolution on a motion for judgment on the pleadings. But the issue regarding standing is based upon Erie’s assertion of specific factual averments that contradict the factual averments contained in Kincaid’s complaint. Erie contends that Kincaid lacks standing because he did not present a claim to Erie for his alleged loss or give any other notice to Erie of his alleged loss, which Erie asserts is a condition precedent to coverage under the insurance contract. Conversely, Kincaid’s complaint, in accordance with the explicit directive of Civ.R. 9(C), asserts generally that he has performed all the conditions precedent to coverage under the contract. Whether Kincaid performed all the conditions precedent to coverage is a material question of fact. Because the parties’ pleadings contain competing factual averments regarding whether Kincaid presented a claim or gave other notice of his alleged loss, the courts must construe Kincaid’s factual averments as true for the purposes of a motion for judgment on the pleadings. Construing Kincaid’s factual averments as true, his complaint contains sufficient information to support actionable claims under the notice-pleading standard and to withstand a motion for judgment on the pleadings.
{¶ 27} Today the majority takes as true the factual averments contained in Erie’s answer and affirms the dismissal of Kincaid’s claims based upon those averments. In doing so, the majority overlooks the notice-pleading standard of Civ.R. 8 and questions the sufficiency of a pleading that satisfies Civ.R. 9(C). By requiring more specific factual averments to establish that the conditions precedent to reimbursement from Erie had been met, the majority frustrates Civ.R. 8(A) and 9(C), which were adopted in 1970 to prevent complaints from being dismissed on common-law pleading technicalities. A motion for summary judgment, not a motion for judgment on the pleadings, is the proper vehicle for Erie’s arguments. Therefore, I dissent.
Cupp, J., concurs in the foregoing opinion.