[Cite as *Crafton v. Shriner Bldg. Co., L.L.C.*, 2013-Ohio-4236.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

JILL M. CRAFTON                                          :
                                                         :        Appellate Case No. 25748
       Plaintiff-Appellee                            :
                                                         :        Trial Court Case No. 12-CV-7571
v.                                                       :
                                                         :
SHRINER BUILDING CO., LLC, et al.      :        (Civil Appeal from
                                                         :         Common Pleas Court)
       Defendants-Appellants                         :
                                                         :

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2013.

. . . . . . . . . .

GARY J. LEPPLA, Atty. Reg. #0017172, and PHILIP J. LEPPLA, Atty. Reg. #0089075, Leppla Associates, Ltd., 2100 South Patterson Boulevard, Dayton, Ohio 45409
      Attorneys for Plaintiff-Appellee, Jill M. Crafton

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee, Board of Commissioners of Montgomery County

EDWARD J. DOWD, Atty. Reg. #0018681, and JOSHUA R. SCHIERLOH, Atty. Reg. #0078325, Surdyk, Dowd & Turner Co., L.P.A., One Prestige Place, Suite 700, Miamisburg, Ohio 45342
      Attorneys for Defendant-Appellant, City of Moraine, Ohio

JEFFREY SLYMAN, Atty. Reg. #0010098, 575 South Dixie Drive, Vandalia, Ohio 45377 and PATRICK JANIS, Atty. Reg. #0012194, and GORDON ARNOLD, Atty. Reg. #0012195,

1 South Main Street, Suite 1800, Dayton, Ohio 45402-2107
        Attorneys for Defendant-Appellees, David Shriner and Shriner Building Co., LLC
        . . . . . . . . . . . . .

HALL, J.,

{¶ 1}    The City of Moraine appeals that part of an order overruling its motion to dismiss a claim of negligence involving the design and placement of a sewer manhole and a fire hydrant on the property of Jill Crafton, the appellee. It is beyond doubt that Moraine is immune from liability for this claim under the Political Subdivision Tort Liability Act because the design and placement of the manhole and the fire hydrant are connected with governmental functions. We therefore reverse the appealed part of the order.

## FACTS

{¶ 2}    In October 2012, Crafton filed a complaint against, among others, the City of Moraine. She later filed an amended complaint for damages and declaratory relief. The amended complaint alleges that Crafton purchased a lot from Moraine "in Oak Point Subdivision, a residential development located on previously owned City of Moraine property, which was planned and designed by a collaborative effort of the City of Moraine, Montgomery County (with oversight of County engineers), and four selected builders." (Amended Complaint, ¶ 11). Crafton selected one of these builders to build her a house on the lot.

{¶ 3}    The builder, in building Crafton's house, "failed to take into account the location of a manhole in relation to the layout of the Home." (*Id*. at ¶ 20). "The manhole * * * is located in the middle of Jill Crafton's driveway, pursuant to the Home layout * * *." (*Id*. at ¶ 20). Also, there is "a fire hydrant in her frontage." (*Id*. at ¶ 22). "Crafton was at no time made aware that there was going to be a manhole and lid in her driveway, or a fire hydrant in her frontage." (*Id*.). Moraine allowed her to relocate the manhole but would not pay for the relocation. Crafton went

ahead and paid for the relocation herself and then filed suit to recover the cost.

{¶ 4} The amended complaint contains two negligence claims against Moraine.[1] One alleges that "Moraine improperly developed and negligently sold the subject lot to Plaintiff Crafton with a manhole hidden underground, preventing its visibility at the time of the closing on the lot." (*Id*. at ¶ 58). The other alleges that "Moraine * * * negligently permitted the design and placement of a fire hydrant and manhole on the lot at issue in such a manner as to prevent the reasonable development of the property and placement of a driveway on the lot." (*Id*. at ¶ 57).

{¶ 5} Moraine moved to dismiss the negligence claims under Civ.R. 12(B)(6), claiming political-subdivision immunity. On April 23, 2013, the trial court sustained the motion with respect to the claim for negligent sale but overruled it with respect to the claim for negligent design and placement of the manhole and the fire hydrant.

{¶ 6} According to R.C. 2744.02(C), "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Thus, the trial court's order is an appealable final order and the City of Moraine appealed.

**ANALYSIS**

{¶ 7} Moraine's sole assignment of error alleges that the trial court erred by not dismissing Crafton's claim for negligent design and placement of the manhole and the fire hydrant. We review an order denying a Civ.R. 12(B)(6) motion to dismiss de novo. *See*

---

[1]The complaint also seeks declaratory judgment vis-á-vis Moraine: "Moraine * * * also ha[s] an interest in the construction, maintenance, location and resolution of all issues involving the subject manhole location and sewer system, and Plaintiff asks the Court to declare the rights, responsibilities, obligations, liabilities and interests of all Defendants in the subject matter herein, including the placement and maintenance of the subject fire hydrant and manhole." (Amended Complaint, ¶81).

*Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 8} Dismissal is warranted under Civ.R. 12(B)(6) "only if the court (1) accepts all factual allegations as true, (2) draws all reasonable inferences in favor of the nonmoving party, and (3) still concludes beyond doubt from the complaint that no provable set of facts warrants relief." (Citation omitted.) *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, fn. 2, 664 N.E.2d 931 (1996). Accordingly, the issue here is whether, accepting all the factual allegations in the amended complaint as true and drawing all reasonable inferences in Crafton's favor, it is beyond doubt from the complaint that no provable set of facts warrants relief for negligent design and placement of the manhole and the fire hydrant.

{¶ 9} Moraine argues that this claim is barred by the Political Subdivision Tort Liability Act, R.C. Chapter 2744. R.C. 2744.02(A)(1) "confers broad immunity on the state's political subdivisions." *Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, 975 N.E.2d 952, ¶ 10. It provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Here, the general grant of immunity in R.C. 2744.02(A)(1) applies beyond doubt. The parties do not dispute that the City of Moraine, as a municipal corporation, is a "political subdivision."[2] *Accord* R.C. 2744.01(F) (defining "political subdivision" to mean, among other things, "a municipal corporation"). Nor do they dispute that this is a civil action in which damages are sought for injury caused by Moraine's conduct in connection with a governmental or proprietary function.

---

[2] The amended complaint alleges, "Defendant, City of Moraine, is an Ohio political subdivision * * *." (Amended Complaint, ¶ 9)

{¶ 10}  "[T]he legislature has imposed exceptions to this general rule," *Coleman* at ¶ 11, however, and the parties dispute whether an exception applies here. The exceptions impose liability on a political subdivision for certain negligent conduct of the political subdivision itself or of one of its employees.[3] R.C. 2744.02(B). A political subdivision is liable for its own negligence with respect to the repair of public roads and the removal of obstructions thereon. R.C. 2744.02(B)(3). It is liable for its employees' negligence in operating a vehicle (within the scope of their employment and authority), R.C. 2744.02(B)(1); in connection with physical defects in buildings, R.C. 2744.02(B)(4); and in connection with a proprietary function, R.C. 2744.02(B)(2). Crafton contends that Moraine is liable under the proprietary-function exception, which pertinently provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions," R.C. 2744.02(B)(2). We determine that the statutory proprietary function exception does not apply here.

{¶ 11}  The negligent conduct that is alleged is not connected with a proprietary function. For purposes of the immunity analysis, the functions of a political subdivision are classified as governmental functions and proprietary functions. R.C. 2744.02(A)(1). A "proprietary function" is, among other things, "a function of a political subdivision * * * that satisfies both of the following: (a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section; (b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1). Crafton

---

[3]An exception also imposes liability when another section of the Revised Code expressly imposes liability. R.C. 2744.02(B)(5).

argues that Moraine's negligence in permitting the design and placement of the manhole and the fire hydrant on her lot involved activities that are customarily engaged in by non-governmental persons. She contends that Moraine's activities were those of a private developer, "submitt[ing] designs for the Oak Point Subdivision, which included the public right-of-way onto Ms. Crafton's land and the placement of the manhole and fire hydrant on opposite ends of the front of Ms. Crafton's property * * *[, and] approv[ing] the plans and development." (Crafton's brief, 8).

{¶ 12}  Even if Moraine had two roles in the Oak Point Subdivision project–its role as developer and its role as a city- because placement of the manhole cover, as part of a sewer system, and placement of the fire hydrant, as part of fire protection, are exclusively governmental functions it is immune. The provision of fire hydrants is connected with a "governmental function." *See Landwehr v. Batavia*, 173 Ohio App.3d 599, 2007-Ohio-6035, 879 N.E.2d 824, ¶ 23 (12th Dist.) (holding that the installation, operation, and maintenance of fire hydrants is "solely for the use of fire services, a governmental function," R.C. 2744.01(C)(2)(a)). And "[t]he provision or nonprovision, planning or design, construction, or reconstruction of * * * a sewer system" is statutorily defined as a governmental function. R.C. 2744.01(C)(2)(l). Moreover, the amended complaint plainly indicates that the remedy appellant requested, relocating the manhole from Crafton's driveway, requires redesign and reconstruction. *Compare Guenther v. Springfield Twp. Trustees*, 2012-Ohio-203, 970 N.E.2d 1058, ¶ 18 (2d Dist.) (saying that "the complaint presents a design or construction issue if 'remedying a problem would require a [political subdivision] to, in essence, redesign or reconstruct the sewer system'"), quoting *Essman v. Portsmouth*,_4th Dist. Scioto No. 09CA3325, 2010-Ohio-4837, ¶ 32-33; *accord Coleman*, 133 Ohio St.3d 28, 2012-Ohio-3881, 975 N.E.2d 952, at ¶ 30 (agreeing with the quoted statement). In

our view it matters not whether Moraine was also involved in the arrangement of lots in the subdivision. If appellant's requested remedy is movement of the manhole cover and the City is immune concerning "the provision or nonprovision, planning or design, construction, or reconstruction of * * * a sewer system," then the City is immune whether it placed the location of the manhole cover before the lot arrangement or located it there afterward, regardless of who arranged the lots.[4]

{¶ 13}   Beyond doubt, Moraine is immune from Crafton's negligence claim concerning the manhole and the fire hydrant. That claim should therefore have been dismissed.

{¶ 14}   The sole assignment of error is sustained.

{¶ 15}   That part of the trial court's order overruling Moraine's motion to dismiss is reversed in regard to the issue before us. This case is remanded for further proceedings. On remand, the trial court must enter an appropriate order dismissing the remaining negligence claim against Moraine.

. . . . . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Edward J. Dowd

---

[4] We distinguish arrangement of the lots from arrangement of buildings or improvements on the appellant's lot which, we understand from the complaint, was done by others.

Joshua R. Schierloh
Gary J. Leppla
Philip J. Leppla
Jeffrey Slyman
Patrick Janis
Gordon Arnold
Hon. Timothy N. O'Connell