[Cite as *State v. Holloway*, 2011-Ohio-3586.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95703

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REGINALD HOLLOWAY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART,
## REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-531510

**BEFORE:**   Keough, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   July 21, 2011

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road, Suite 300
Westlake, OH 44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Robert B. Botnick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Reginald Holloway ("Holloway"), appeals his convictions following a bench trial.  For the reasons that follow, we reverse his kidnapping conviction and remand for a new trial.

{¶ 2}  In 2009, Holloway was charged with three counts of kidnapping, and one count each of intimidation and domestic violence.  The matter proceeded to trial, where the following evidence was presented.

{¶ 3}  In mid-November 2009, Holloway and the victim, Stephanie Webb ("Webb"), were involved in multiple domestic disputes.  During one altercation Webb punched Holloway and gave him a black eye.  The police

were called and Detective Alberto Sardon responded. He briefly talked to Holloway and interviewed Webb, but made no arrests.

**{¶ 4}** The following day, November 16th, Webb went to Holloway's home and when she walked in the door, he grabbed her. Webb testified that Holloway was mad at her because he had a black eye and the detective was there the day before. After asking her why she called the police, he ordered her to look at him, and then he slapped her in the face. He then tripped her and she fell to the ground, where he continued to slap her and scratch her face. After five to fifteen minutes, she got up without any restraint, and left his house. According to Webb, she was able to leave freely and at no time did Holloway prevent her from leaving. After leaving Holloway's home, she called the police.

**{¶ 5}** The trial court, over objection, allowed Webb to read her written statement in open court as part of her direct testimony. Her statement provided that Holloway slapped, punched, and dragged her across the room, where he then sat on her, continued to slap her, and refused to let her up. According to her statement, had Holloway's cousin not intervened, she would not have been able to leave. Further, when she was able to leave, Holloway chased her and tried to drag her down the street.

**{¶ 6}** Detective Sardon testified that he was again the responding officer when Webb called the police on November 16th and noticed that she

had bruises and scars on the right side of her face. He took Webb to the police station where she provided a written statement and they took photos of her face. Based on the interview with Webb, her written statement, and her injuries, charges against Holloway were filed.

{¶ 7} At the close of evidence, the State dismissed two counts of kidnapping, recognizing that the testimony and evidence did not establish the elements of kidnapping pursuant to R.C. 2905.01(B)(1). The trial court found Holloway guilty of the remaining count of kidnapping (R.C. 2905.01(B)(2)), intimidation of a crime victim or witness, and domestic violence. He was sentenced to a total prison term of three years.

{¶ 8} Holloway appeals, raising four assignments of error, which will be addressed out of order.

## Sufficiency of the Evidence

{¶ 9} Holloway contends in his first assignment of error that his kidnapping conviction was not supported by sufficient evidence.[1]

{¶ 10} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, Cuyahoga App. No. 92266, 2009-Ohio-3598, ¶12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational

---

[1]Holloway does not challenge his convictions for intimidation of a crime witness or victim and domestic violence.

trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 942, paragraph two of the syllabus.

{¶ 11} In this case, Holloway was convicted of kidnapping pursuant to R.C. 2905.01(B)(2), which provides that no person, by force, threat, or deception, shall knowingly restrain another of the other person's liberty "under circumstances that create a substantial risk of serious physical harm to that other person."

{¶ 12} Under subsection (B) of R.C. 2905.01, "the offender's purpose is irrelevant since the key factor here is the special danger in which the victim is placed. For example, holding another prisoner without adequate food, shelter, or medical care could constitute an offense under * * * this section, regardless of the offender's purpose." Legislative Service Commission Commentary to R.C. 2905.01.

{¶ 13} In this case, Webb testified that when she walked into Holloway's house, he grabbed her and ordered her to look at his face, apparently to see the black eye that she gave him the day before. As she was looking at his face, Holloway slapped her in the face two or three times. Holloway then tripped her and she fell to the ground, where he held her down with two hands and continued to slap and scratch her in the face. According to Webb's trial testimony, this altercation lasted for five to fifteen minutes.

{¶ 14} According to Webb's statement given to police hours after the incident, Holloway dragged her across the floor, punching and slapping her. Holloway then sat on her, preventing her from leaving, and only when his cousin intervened was she able to leave the premises. When she left the house, Holloway chased after her and tried to drag her down the street. As a result of Holloway's actions, Webb received bruising and scratches to her face.

{¶ 15} Viewing all the evidence in the light most favorable to the State, whether properly admitted or not, we find that Holloway's actions created a substantial risk of serious physical harm to Webb. Accordingly, we overrule Holloway's first assignment of error.

Hearsay

{¶ 16} Over objection, the State was permitted to have Webb read her written statement given to police as part of her direct testimony. Holloway contends in his fourth assignment of error that the trial court erred in allowing this testimony.

{¶ 17} Generally, evidentiary rulings made at trial rest within the sound discretion of the trial court. *State v. Lundy* (1987), 41 Ohio App.3d 163, 535 N.E.2d 664; *State v. Graham* (1979), 58 Ohio St.2d 350, 390 N.E.2d 805. "The term abuse of discretion connotes more than error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Nielson v. Meeker* (1996), 112 Ohio App.3d 448, 679 N.E.2d

28. "An abuse of discretion * * * implies a decision [that] is without a reasonable basis or one [that] is clearly wrong." *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 463 N.E.2d 1280.

{¶ 18} Holloway maintains that Webb's statement was inadmissible hearsay because it was inconsistent with her prior testimony and no exception to the hearsay rule allowed for the admission of her statement. The State argues that Webb's statement was supplemental to her testimony. From the record, it is unclear why and how Webb's statement was admissible. In overruling the defense objection, the trial court did not identify upon what basis the statement was admissible and we find no rule of evidence, when applied to the facts and circumstances of this case, that would render the statement admissible.

{¶ 19} The statement was not admissible pursuant to Evid.R. 607, because there was no showing of surprise and affirmative damage that Webb's testimony was inconsistent with her written statement. Moreover, even if Webb's testimony were considered inconsistent, the proper foundation was not made prior to her reading her statement.[2]  See *State v. Darkenwald*, Cuyahoga App. No. 83440, 2004-Ohio-2693, ¶33, citing *State v. Baker* (Nov. 25, 1998), Summit App. No. 19009.

---

[2]After Webb read her statement, the State then attempted to impeach her trial testimony with her written statement.

{¶ 20} A party may refresh the recollection of a witness under Evid.R. 612 by showing her the prior statement while testifying. But here, Webb did not indicate that she did not recall or remember any events that the State questioned her about. Furthermore, even if Webb needed her recollection refreshed, a party may not read the statement aloud, have the witness read it aloud, or otherwise place it before the jury. *Dayton v. Combs* (1993), 94 Ohio App.3d 291, 298, 640 N.E.2d 863.

{¶ 21} Finally, no exception to the hearsay rule applies that would allow Webb's written statement to be properly admitted. Accordingly, the trial court abused its discretion in admitting Webb's written statement into evidence and allowing her to read it aloud during in her direct trial testimony.

{¶ 22} The State argues that even if the trial court erred in allowing Webb to read her police statement, it was harmless error, at best, because Webb's testimony prior to her reading her statement established the elements of kidnapping.

{¶ 23} Pursuant to Crim.R. 52(A), "any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." To find an error harmless, a reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. *State v. Lytle* (1976), 48 Ohio St.2d 391, 403, 358 N.E.2d 623. A reviewing court may overlook an

error where the remaining admissible evidence, standing alone, constitutes "overwhelming" proof of a defendant's guilt. *State v. Williams* (1983), 6 Ohio St.3d 281, 290, 452 N.E.2d 1323. "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." *State v. Brown*, 65 Ohio St.3d 483, 485, 1992-Ohio-61, 605 N.E.2d 46.

{¶ 24} We find that the trial court's error in allowing Webb to read her statement as part of her trial testimony contributed to Holloway's kidnapping conviction. Because Holloway was charged with kidnapping pursuant to subsection (B) of R.C. 2905.01, the State needed to present sufficient evidence establishing that Holloway created a "special danger" to Webb. Reviewing all the testimony given at trial, the content of Webb's statement to police was vital in establishing the State's case. Therefore, the error was not harmless, but prejudicial and deprived Holloway of a fair trial. Accordingly, the trial court abused its discretion in allowing Webb to read her statement as part of her testimony. Holloway's fourth assignment of error is sustained.

Mitigation and Burden of Proof

{¶ 25} In his third assignment of error, Holloway contends that R.C. 2905.01 is unconstitutional because it places the burden of proof on the accused to prove the mitigating element of the offense, i.e. leaving the victim in a safe place unharmed.

{¶ 26} Generally, kidnapping is a felony of the first degree. R.C. 2905.01(C)(1). However, if the offender leaves the victim in a safe place unharmed, kidnapping will be a second-degree felony. Id. Although the provision mitigates an offender's criminal culpability, Ohio courts have consistently held that it is not an element of kidnapping and must be treated the same as an affirmative defense. *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶233.

{¶ 27} In this case, Holloway exercised his constitutional right not to put on a defense at trial; therefore, the trial court was in no position to consider R.C. 2905.01(C). Because he did not present any evidence, at no time did the burden shift to the defendant; the burden of proving the kidnapping charge rested solely on the State. Moreover, Holloway did not argue at any time before or during trial that Webb was released unharmed in a safe place. Accordingly, Holloway has waived this issue on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus.

{¶ 28} Judgments of conviction for intimidation of a crime witness or victim and domestic violence are affirmed, judgment of conviction for kidnapping is reversed, and this case is remanded for a new trial on the kidnapping charge. [3]  Reversing Holloway's kidnapping conviction and

---

[3]Reversing Holloway's kidnapping conviction on a trial-based error does not bar retrial pursuant to *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, _25, citing *Lockhart v. Nelson* (1988), 488 U.S. 33, 109 S.Ct. 285, 102

ordering a new trial renders his second assignment of error challenging the manifest weight of the evidence moot.   App.R. 12(A)(1)(c).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's intimidation of a crime witness or victim and domestic violence convictions having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence on those counts.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, P.J., and
KENNETH A. ROCCO, J., CONCUR