[Cite as *Holloway v. State*, 2014-Ohio-2971.]

[Please see original opinion at 2014-Ohio-1951.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100586**

# REGINALD HOLLOWAY

PLAINTIFF-APPELLANT

vs.

# STATE OF OHIO

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-800246

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Mike DeWine
Ohio Attorney General
BY:    Judith B. Goldstein
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio   43215

ON RECONSIDERATION[1]

EILEEN A. GALLAGHER, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Reginald Holloway appeals the decision of the Cuyahoga County Common Pleas Court dismissing his claim for wrongful imprisonment pursuant to Civ.R. 12(C). Holloway argues that the facts of his claim met all the statutory elements of wrongful imprisonment, and as such, the trial court erred in dismissing his complaint. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶3} On August 17, 2010, Holloway was found guilty of kidnapping (Count 1), intimidation of a crime victim or witness (Count 3) and domestic violence (Count 4) and was sentenced to three years on Count 1, one year on Count 3, credit for time served on Count 4, and five years of postrelease control. Holloway had completed his sentences on Counts 3 and 4 by April 21, 2011.

{¶4} Holloway appealed his convictions to this court and, on July 21, 2011, this court affirmed in part, reversed in part and remanded. *State v. Holloway*, 8th Dist. Cuyahoga No. 95703, 2011-Ohio-3586. This court upheld Holloway's convictions for intimidation of a crime victim or witness and domestic violence, but reversed his

---

[1]The original announcement of decision in *Holloway v. State*, 8th Dist. Cuyahoga No. 100586, 2014-Ohio-1951, released May 8, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

conviction for kidnapping. This court determined that the trial court admitted inadmissible hearsay when it allowed the victim to read, as part of her direct testimony, the statement that she had given to police officers. *Id.* On remand, the trial court dismissed the case without prejudice and ordered Holloway released.

{¶5} On January 29, 2013, Holloway filed a complaint for declaratory judgment pursuant to R.C. 2743.48, the wrongful imprisonment statute, arguing that he met all the required criteria under the statute. In response, the state filed a motion for judgment on the pleadings, to which Holloway did not respond. The trial court granted the state's motion after it determined that Holloway could not satisfy all five mandatory requirements of R.C. 2743.48(A). In particular, the trial court held that "[b]ecause the prosecutor may bring a criminal proceeding for acts associated with the original kidnapping conviction, Plaintiff cannot, as a matter of law, satisfy ORC § 2743.48(A)(4)."

{¶6} Holloway appeals, raising the following assigned error:

The trial court erred in granting Appellee's motion for judgment on the pleadings pursuant to Civil Rule 12(C).

{¶7} The state of Ohio has enacted a narrow exception to its sovereign immunity allowing a wrongfully imprisoned individual to recover compensation from the state if they meet the requirements in R.C. 2743.48. This statute sets forth a two-step process. First, a common pleas court must determine and issue a declaratory judgment that a claimant is a wrongfully imprisoned individual. R.C. 2743.48(A). Once declared

wrongfully imprisoned, the claimant can then seek damages from the state in the Court of Claims. R.C. 2743.48(D).

**{¶8}** R.C. 2743.48 provides as follows:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

**{¶9}** In the present case, the state filed a motion for judgment on the pleadings, arguing that because the trial court dismissed Holloway's charge of kidnapping on

remand without prejudice, the prosecutor had the ability to refile the charges. As such, Holloway could not satisfy the requirement of R.C. 2743.48(A)(4), which required him to prove that no criminal proceeding can or will be brought against him for any act associated with the conviction at issue. In response on appeal Holloway claims the trial court erred in relying on evidence outside of the pleadings and that the trial court erred when it determined that criminal proceedings could be brought against him.

{¶10} Under Civ.R. 12(C), a party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, 958 N.E.2d 1253, ¶ 5 (10th Dist.). In ruling on the motion for judgment on the pleadings, the court is permitted to consider both the complaint and answer. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). When presented with such a motion, a court must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. *Id.* The court will grant the motion if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief. *State ex rel. Midwest Pride IV, Inc.* at 570.

{¶11} A motion for judgment on the pleadings tests the allegations of the complaint and presents a question of law. *Conant v. Johnson*, 1 Ohio App.2d 133, 204 N.E.2d 100 (4th Dist.1964). Thus, our review of a decision to grant judgment on the

pleadings is de novo. *See Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18.

{¶12} In the present case, we agree with the trial court that Holloway cannot meet the fourth prong of the wrongful imprisonment statute, R.C. 2743.48(A)(4). Although Holloway's conviction for kidnapping was reversed by this court in *Holloway*, *supra*, the trial court dismissed the charge without prejudice on remand. Further, R.C. 2901.13(A)(1)(a) provides that the statute of limitations to commence a felony prosecution is six years after an offense is committed. Holloway committed the kidnapping offense in November 2009 and, therefore, not even considering the tolling events of the appeal and other actions, the prosecution can bring a criminal prosecution against Holloway for this act until November 2015. Accordingly, Holloway cannot meet the fourth prong of the statute and, as such, he can prove no set of facts entitling him to relief.

{¶13} Holloway also claims that the trial court erred in granting the state's motion for judgment on the pleadings because it relied on evidence outside of the pleadings. Holloway argues that the trial court should have converted the state's motion to a motion for summary judgment. We disagree. "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings." *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97605, 2012-Ohio-2208, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc.*, 75 Ohio St.3d 565, 664 N.E.2d 931.

**{¶14}** In its motion for judgment on the pleadings, the state cited relevant statutes, case law and Holloway's complaint, which included the following: 1) the trial court's August 17, 2010 sentencing journal entry; 2) the court docket for the underlying criminal case; and 3) the Eighth District's journal entry and opinion, reversing Holloway's kidnapping conviction. Because Holloway attached the above-listed documents to his complaint, the trial court was well within the bounds of the law to consider each in ruling on the state's motion.

**{¶15}** Based on the foregoing, we find no error with the trial court's decision to grant the dismissal of Holloway's wrongful imprisonment complaint.[2]

**{¶16}** Furthermore, regardless of our analysis of R.C. 2743.48(A)(4), Holloway cannot establish the fifth and final prong of the wrongful imprisonment statute. As

---

[2]In overruling Holloway's complaint of wrongful imprisonment, we acknowledge and distinguish this case from our recent decision of *C.K. v. State*, 8th Dist. Cuyahoga No. 100193, 2014-Ohio-1243. A jury convicted C.K. of murder with a firearm specification and this court reversed his conviction as against the manifest weight of the evidence. C.K. filed a wrongful imprisonment claim, the state opposed and the trial court agreed with the state. The court granted summary judgment in favor of the state, based solely on the fact that murder did not have a statute of limitations, and thus, the possibility of reindictment precluded C.K. from ever being considered wrongfully imprisoned. This court disagreed and determined that in the unique circumstances presented by C.K., there were factual questions about whether he satisfied the fourth prong of R.C. 2743.48(A). In particular, the court noted that on appeal, this court concluded that C.K.'s convictions were reversed as against the manifest weight of the evidence, that the prosecutor had expressed no intent to retry C.K. given the state of the law, and that an outstanding statute of limitations was not the only mechanism for determining whether R.C. 2743.48(A)(4) has been met.

We find *C.K.* distinguishable from the present case in that the substance of Holloway's convictions were not reversed; we reversed and remanded because the trial court admitted impermissible hearsay. Further, unlike *C.K.*, there is a statute of limitations period for Holloway, which will expire on a date certain.

stated above, the final prong of R.C. 2743.48(A) requires a claimant to establish the following:

> Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶17} In *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, the Ohio Supreme Court analyzed R.C. 2743.48(A)(5) and found the "plain and ordinary meaning of the language" in the statute — "subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release — is clear and unambiguous." The court adopted the plain meaning of the statute and determined that the "subsequent event" to be an error in procedure that occurred after sentencing and during or after imprisonment. *Id.* The court specifically rejected Mansaray's argument that the subsequent event is a judicial determination that an error occurred, even if that error occurred prior to sentencing and/or imprisonment. *Id.*

{¶18} In the present case, the error that resulted in Holloway's release was the trial court's admission of inadmissible hearsay evidence during trial, an error that occurred prior to both Holloway's sentencing and imprisonment. This allegation parallels the appellant's failed argument in *Mansaray* and, thus, does not assert "an error in procedure subsequent to sentencing and during or subsequent to imprisonment" as required by R.C. 2743.48(A)(5). Accordingly, regardless of any separate analysis of the first four factors of R.C. 2743.48(A), Holloway's failure to establish R.C. 2743.48(A)(5) proved dispositive and entitled the state to judgment as a matter of law.

{¶19} Holloway's sole assignment of error is overruled. The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶20} I concur with the judgment and analysis of the majority because the statutory language requires me to do so. Nevertheless, I write separately to note two troubling factors from this case. First, Holloway's kidnapping conviction was reversed and remanded for a new trial with this court's prior decision in *State v. Holloway*, 8th Dist. Cuyahoga No. 95703, 2011-Ohio-3586. As of the date of that decision, Holloway had already completed his sentence on the remaining counts that were affirmed. Thus, Holloway completed the sentences for his convictions by April 21, 2011, yet was held until February 1, 2012. Second, although I accept the fact that the prosecutor can technically still bring charges against Holloway for kidnapping, Holloway is unable to overcome the (A)(4) prong of R.C. 2743.48. The likelihood of a renewed indictment on that charge is a mirage.