[Cite as *WBL SPE II, L.L.C. v. Acme Ents., Inc.*, 2020-Ohio-1394.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

WBL SPE II, LLC,                                         :

      Plaintiff-Appellee,                         :                    No. 18AP-597
                                                 (C.P.C. No. 17CV-7647)

v.                                                              :

                                                    (REGULAR CALENDAR)

Acme Enterprises, Inc., et al.,                         :

      Defendants-Appellants.                      :

D E C I S I O N

Rendered on April 9, 2020

**On brief:** *Vorys, Sater, Seymour and Pease LLP, Brenda K. Bowers,* and *Daniel E. Shuey*, for appellee. **Argued:** *Daniel E. Shuey.*

**On brief:** *Omar Tarazi*, for appellants. **Argued:** *Omar Tarazi.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendants-appellants, Acme Enterprises, Inc. ("Acme"), Marjorie L. Goldsbury, and Michael K. Goldsbury, appeal from a decision and entry of the Franklin County Court of Common Pleas granting the motion for summary judgment of plaintiff-appellee, WBL SPE II, LLC ("WBL"). For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} On August 22, 2017, WBL initiated this foreclosure action by filing a complaint against appellants relating to several properties. The complaint alleges that Acme and an entity known as World Business Lenders, LLC ("World Business") entered into a "Business Promissory note and Security Agreement" on April 13, 2017 under which World Business agreed to extend credit to Acme, and in return Acme agreed to pay

$349,000.00 plus interest at a rate of .334246575342 percent per day until the amount was paid in full. World Business subsequently transferred the note to WBL. The complaint further states that Acme has failed to make the payments as due and is in default, resulting in WBL accelerating the balance due on the note. Through the complaint, WBL sought a judgment against Acme in the amount of $345,655.85 as of June 28, 2017, plus interest.

{¶ 3} Additionally, the complaint alleges that the Goldsburys executed a "Continuing Guaranty" under which they, jointly and severally, guaranteed the payment obligations of Acme under the note. As a result of the Goldsburys' obligations under the guaranty, WBL sought a judgment against the Goldsburys in the same amount. To secure the note and Acme's obligations, the complaint states the Goldsburys executed and delivered mortgages on four properties to World Business. Asserting that World Business assigned these mortgages to WBL, WBL sought to foreclose on the four properties due to Acme's default under the note. WBL additionally sought the payment of rents, income, and profits generated by these properties.

{¶ 4} Finally, the complaint alleges that Acme granted to WBL a security interest in Acme's assets as additional security for repayment of the note. Thus, WBL asserts it has a valid and perfected lien on Acme's assets and sought to foreclose on its security interest and take possession of Acme's assets.

{¶ 5} On September 22, 2017, appellants filed an answer admitting: (1) Acme entered into the note and security agreement, agreeing to pay the principal amount of $349,000 plus interest; (2) Acme reportedly obtained the loan funds to pay off tax liens, judgments, and other liens, as well as to obtain business equipment; (3) WBL made direct disbursements to certain of Acme's business creditors; (4) WBL is the holder of the note; (5) the Goldsburys executed and delivered to WBL the Continuing Guaranty, jointly and severally guaranteeing Acme's payment obligations; (6) Marjorie Goldsbury executed and delivered to World Business mortgages encumbering three properties; and (7) the Goldsburys together executed and delivered to World Business a mortgage encumbering the fourth property. Also in their answer, appellants stated WBL did not comply with the terms of the contract because it did not make payments to other entities as agreed in the contract.

{¶ 6} Subsequently, on March 15, 2018, WBL filed a motion for summary judgment. In support of its motion for summary judgment, WBL relied on an affidavit from Shannon Flood, the manager for asset resolution for WBL. Flood's affidavit identified the note, guaranty, and mortgages, stated that appellants had not met their obligations to WBL under the note and guaranty, and included a calculated payoff amount for the note as of February 22, 2018 and the daily accrual for each day after February 22, 2018 that the amount was not paid.

{¶ 7} Appellants filed a memorandum contra WBL's motion for summary judgment on April 12, 2018. In their memorandum contra, appellants argued Acme never received the full consideration for the note. Additionally, appellants argued Marjorie Goldsbury lacked the capacity to enter into a valid and binding agreement. Appellants attached to their memorandum contra various unauthenticated documents that, they argued, showed Acme did not receive the full amount of funds contemplated in the note.

{¶ 8} In a July 11, 2018 decision and entry, the trial court granted WBL's motion for summary judgment. Specifically, the trial court found that appellants admitted in their answer that Acme entered into the note in the principal amount of $349,000 and that the loan funds were obtained to pay off various business liens, tax liens, judgments and creditors, and to obtain equipment for Acme. In addition to appellants' admissions, the trial court noted that the evidence appellants submitted in an attempt to overcome summary judgment was unauthenticated and thus did not satisfy Civ.R. 56. As to appellants' argument that Marjory Goldsbury lacked capacity to enter into binding agreements due to her medical issues, the trial court again noted appellants failed to point to any evidence in the record supporting that claim. The trial court, therefore, concluded there remained no genuine issue of material fact and granted summary judgment in favor of WBL.

{¶ 9} Subsequently, on July 18, 2018, the trial court issued a judgment entry and decree in foreclosure that granted judgment in favor of WBL in the amount of $947,862.96 as of February 22, 2018, plus daily accrual of $1,155.34 interest from that date. Additionally, the trial court ordered the foreclosure of the four mortgaged properties and sale of those properties and the Acme collateral. Appellants timely appeal.

## II. Assignments of Error

{¶ 10} Appellants assign the following errors for our review:

> 1. The trial court erred as a matter of law and abused its discretion in refusing to accept appellant's unauthenticated document.

> 2. The trial court erred as a matter of law and abused its discretion in entering judgment as to the dollar amount owed.

> 3. The trial court erred as a matter of law and abused its discretion in accepting the affidavit testimony of Shannon Flood as to the dollar amount paid as it was not based on personal knowledge or competence in violation of Ohio Rules of Civil Procedure 56 E.

For ease of discussion, we discuss appellants' assignments of error out of order.

## III. Standard of Review and Applicable Law

{¶ 11} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 12} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the

nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV.  Second and Third Assignments of Error – Granting Summary Judgment

{¶ 13}  Appellants' second and third assignments of error are interrelated, and we address them jointly.  In their second assignment of error, appellants argue the trial court erred in granting summary judgment to WBL in the amount of $947,862.96 as of February 22, 2018, plus a daily accrual interest in the amount of $1,155.34.  In their third assignment of error, appellants argue the trial court erred in relying on the Flood affidavit to establish the payoff amount that appellants owed.  Taken together, these two assignments of error assert the trial court erred in concluding WBL satisfied its initial burden under Civ.R. 56 and, subsequently, granting summary judgment in WBL's favor.

{¶ 14}  WBL's first two claims in its complaint are for breach of contract; one claim of breach of contract relates to the note, and the second claim for breach of contract relates to the guaranty.  The remaining claims relate to the foreclosure of properties as a result of the breach of contract.  To succeed on a claim of breach of contract, a plaintiff must demonstrate (1) the existence of a contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages or loss to the plaintiff.  *Thyssen Krupp Elevator Corp. v. Constr. Plus, Inc.*, 10th Dist. No. 09AP-788, 2010-Ohio-1649, ¶ 13, citing *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 18 (10th Dist.).  The parties do not dispute that appellants had an obligation to pay WBL under the note and guaranty or that, in the event of a breach, WBL was entitled to foreclose on the mortgaged properties.  The issue, then, as appellants asserted in their answer, their memorandum contra WBL's motion for summary judgment, and on appeal, is whether WBL established its own performance and/or the amount of damages.

{¶ 15}  As the party moving for summary judgment, WBL bears the initial burden of identifying the portions of the record that demonstrate an absence of material fact related to its claim for breach of contract.  *Dresher* at 293.  In support of its motion for summary judgment, WBL relied on appellants' own admissions in their answer, the documents that Flood identified, and the testimony Flood provided in her affidavit.  In reviewing this

evidence, however, we are unpersuaded that there remains no genuine issue of material fact as to WBL's performance and as to the amount of damages.

{¶ 16} WBL relies heavily on appellants' own admissions in their answer. In particular, WBL emphasizes that appellants admitted that Acme entered into a note to pay the principal amount of $349,000 plus interest, and all other obligations owing pursuant to the terms of the note. Appellants further admitted that the Goldsburys guaranteed those obligations. The answer also contained an admission that Acme "reportedly obtained the loan funds to pay off tax liens, judgments, and other liens and to obtain business equipment for Defendant Acme and Plaintiff make direct disbursements to certain business creditors of Defendant Acme." (Sept. 22, 2017 Answer at ¶ 7; Compl. at ¶ 7.) The Flood affidavit, in turn, contains a statement that appellants failed to make payments pursuant to the terms of the note and was in default. Flood also provides a payoff calculation of what WBL asserts is now owed due to appellants' default. From this evidence, WBL asserts there remains no genuine issue of material fact on its claim for breach of contract.

{¶ 17} In reviewing the record, we find WBL is unable to establish, from Civ.R. 56 evidence, that there remains no genuine issue of material fact related to its own performance under the contract. WBL relies on appellants' admission in its answer that it "obtained" the loan funds for certain purposes as proof that WBL performed under the contract. However, rather than being a clear admission that appellants received the entire amount of the loan funds under the contract, appellants' use of the word "obtained" could just as readily be construed as indicating its reasons for seeking a loan. Moreover, WBL's argument about appellants' admission ignores appellants' additional statement in their answer that WBL did not make payments as agreed under the servicing provisions of the contract. It would defy logic to accept appellants' use of the word "obtained" as an admission that they received the full loan amount from WBL but to simultaneously ignore appellants' defense in its answer that WBL did not pay the full loan amount.

{¶ 18} Additionally, the Flood affidavit does not establish the absence of an issue of material fact related to WBL's performance under the contract. Flood makes no averment that WBL performed in full under the contract, nor does the affidavit contain any accounting of the payments WBL made to Acme or on Acme's behalf pursuant to the contract. The closest the affidavit comes to mentioning WBL's performance is Flood's

statement that "[t]o the best of my knowledge, [Acme] reportedly obtained the loan funds to pay off tax liens, judgments, and other liens and to obtain business equipment, among other things, and direct disbursements were made to certain business creditors of [Acme]." (Flood Aff. at ¶ 6.)  Again, however, this statement relies on appellants' admission in their answer without the context of appellants' further response that WBL did not pay the full amount of the loan.  Given the vagueness surrounding the amount of funds WBL actually furnished to appellants or on appellants behalf, we find there remains a genuine issue of material fact as to WBL's performance under the contract.  *See Nnazor v. Cent. State Univ.*, 10th Dist. No. 16AP-327, 2016-Ohio-8539, ¶ 16 ("an essential element to a breach of contract claim is the plaintiff's performance"), citing *Thyssen Krupp Elevator Corp.* at ¶ 13.

{¶ 19}  Having concluded WBL was unable to demonstrate the absence of a genuine issue of material fact related to its own performance under the contract, it follows that WBL similarly could not demonstrate the absence of a genuine issue of material fact related to its damages under the contract.  WBL relies on the payoff calculation included in the Flood affidavit, but it points to no Civ.R. 56 evidence establishing how much it paid to appellants under the contract or how much appellants repaid under the terms of the note before defaulting.   Any calculation of WBL's damages would be premature without first establishing there remains no genuine issue of material fact as to the extent of WBL's performance under the contract.

{¶ 20}  Accordingly, we conclude WBL did not satisfy its initial burden, under Civ.R. 56, to demonstrate an absence of a genuine issue of material fact on its claim for breach of contract.  Where a party moving for summary judgment does not satisfy its initial burden, summary judgment is unwarranted.  *Niehaus v. The Columbus Maennerchor*, 10th Dist. No. 07AP-1024, 2008-Ohio-4067, ¶ 33.  Thus, we find the trial court erred in granting WBL's motion for summary judgment.   We sustain appellants' second and third assignments of error.

## V.  First Assignment of Error – Appellants' Evidence

{¶ 21}  In their first assignment of error, appellants argue the trial court erred in refusing to accept appellants' unauthenticated documents in support of their memorandum contra summary judgment.  However, having determined in our resolution of appellants' second and third assignments of error that WBL did not satisfy its initial burden under

Civ.R. 56 and, thus, the trial court erred in granting WBL's motion for summary judgment, this issue is moot.

## VI. Disposition

{¶ 22} Based on the foregoing reasons, WBL did not satisfy its initial burden under Civ.R. 56 that there remained no genuine issues of material fact on its claim for breach of contract, and the trial court erred in granting WBL's motion for summary judgment. Having sustained WBL's second and third assignments of error, rendering moot WBL's first assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

DORRIAN and NELSON, JJ., concur.