[Cite as *Schrock v. A.R. Bldg. Co., Inc.*, 2021-Ohio-2831.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Hyatt Schrock,                                    :

      Plaintiff-Appellant,              :

                                        No. 20AP-567

v.                                                :        (C.P.C. No. 20CV-1834)

A.R. Building Company, Inc.,                       :        (REGULAR CALENDAR)

      Defendant-Appellee.              :

---

D E C I S I O N

Rendered on August 17, 2021

---

**On brief:** *Law Offices of Gary A. Reeve*, and *Gary A. Reeve*, for appellant. **Argued:** *Gary A. Reeve.*

**On brief:** *Lewis, Brisbois, Bisgaard & Smith, LLP, David A. Campbell*, and *Donald G. Slezak*, for appellee. **Argued:** *David A. Campbell.*

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Hyatt Schrock, appeals from a judgment of the Franklin County Court of Common Pleas, in favor of defendant-appellee, A.R. Building Company, Inc. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2019, appellant accepted a position with appellee as property manager for appellee's "Heritage Preserve apartment complex." (Mar. 13, 2020 Am. Compl. at ¶ 3.) Upon accepting the position with appellee, appellant left her former employment. Appellant began working for appellee as a property manager in October 2019, but she was discharged from her position on February 10, 2020. According to appellant's amended

complaint, one of appellee's managers told appellant that she was being discharged from her employment because she "had been rude to the accountant and could not handle tenant complaints." (Am. Compl. at ¶ 11.)

{¶ 3} On March 4, 2020, appellant filed a complaint against appellee seeking damages for wrongful discharge under a promissory estoppel theory. On March 13, 2020, appellant filed an amended complaint setting forth the same allegations as the original complaint.

{¶ 4} The operative allegations of appellant's amended complaint are as follows:

> 3. Plaintiff was hired as a Property Manager for Defendant's Heritage Preserve apartment complex in October of 2019.
>
> 4. Plaintiff was induced to leave her employment with another employer at the time she was hired by Defendant, and would not have left that position but for representations made by Defendant of higher salary and the nature of the position being something she was both qualified for and able to perform.
>
> * * *
>
> 15. Plaintiff did not receive what she bargained for and accepted from Defendant because she was never given the chance to succeed in the position.
>
> 16. Plaintiff's failure to succeed in the position of Property Manager with Defendant was caused by factors in the control of Defendant, and not in the control of Plaintiff.
>
> 17. Had Plaintiff been told the truth about conditions of her employment by Defendant during the hiring process, she would have remained employed at her prior employment.

{¶ 5} On April 24, 2020, appellee filed an answer to the amended complaint containing the following material admissions and denials:

> 3. Defendant admits that it hired Plaintiff on or around October 2019 for the at-will position of Project Manager, but denies the remaining allegations contained in Paragraph 3 of the Complaint. Further answering, Defendant states that Defendant did not solicit Plaintiff for employment with Defendant. Rather, Plaintiff contacted Defendant to apply for the available position.

4. Defendant admits that Plaintiff voluntarily accepted at-will employment with Defendant, but denies [the] remaining * * * allegations contained in Paragraph 4 of the Complaint. Further answering, Plaintiff executed an Acknowledgement and Receipt of Handbook as a condition of being hired by Defendant. A true and correct copy of the Acknowledgement and Receipt of Handbook is attached hereto as Exhibit 1.[1]

{¶ 6} On May 12, 2020, appellee filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). On December 3, 2020, the trial court issued a decision and judgment entry granting appellee's motion for judgment on the pleadings and dismissing appellant's complaint with prejudice. The trial court's decision reads in relevant part as follows:

[I]n order to be successful on a claim for promissory estoppel, *Plaintiff must allege that she received a promise of continued employment. Plaintiff does not allege that she received such a promise.* The lack of an actionable promise is further shown by Plaintiffs acknowledgment that: (1) she was an at-will employee; (2) her employment could be terminated at any time, and (3) the Acknowledgment "supersedes all prior and contemporaneous agreement, understandings and representations." See Acknowledgment at ¶¶ 2, 3. Plaintiff's claim arises from representations made by Defendant before she was hired. Therefore, by signing the Acknowledgement, Plaintiff disavowed any previous representations made by Defendant. *Plaintiff has failed to present allegations sufficient to support a claim of promissory estoppel.*

(Emphasis added.) (Dec. 3, 2020 Decision & Entry at 5.)

{¶ 7} Appellant timely appealed to this court from the December 3, 2020 judgment.

## II. ASSIGNMENT OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

**The trial court erred in granting the Motion for Judgment on the Pleadings of Defendant Appellee A.R. Building Company, Inc. ("ARB") because there**

---

[1] There is no claim by appellant that she was placed in the position of " 'project manager,' rather than 'property manager.' " In appellee's motion for judgment on the pleadings, appellee acknowledges that "Plaintiff was formerly employed by Defendant as a Property Manager." (Memo. in Support of Appellee's Mot. for Jgmt. on the Pleadings at 1.)

**was a claim for relief supported by the facts stated in the Complaint.**

## III. STANDARD OF REVIEW

{¶ 9} "A party may file a motion for judgment on the pleadings under Civ.R. 12(C), '[a]fter the pleadings are closed but within such time as not to delay the trial.' " *Carasalina, LLC v. Smith Phillips & Assocs.*, 10th Dist. No. 13AP-1027, 2014-Ohio-2423, ¶ 8, quoting *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.). "In ruling on a motion for judgment on the pleadings, the court is permitted to consider both the complaint and answer." *Carasalina* at ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570 (1996). *See also State ex rel. Fiser v. Kolesar,* ___ Ohio St.3d ___, 2020-Ohio-5483, ¶ 8. When presented with such a motion, a trial court must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165 (1973); *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). The court will grant the motion if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief. *Carasalina* at ¶ 8, citing *Pontious* at 570.

{¶ 10} The questions presented by a motion for judgment on the pleadings are purely legal. *Kolesar* at ¶ 8. A judgment on the pleadings dismissing an action is subject to a de novo standard of review in the court of appeals. *Carasalina* at ¶ 8, citing *RotoSolutions, Inc. v. Crane Plastics Siding, LLC,* 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks* at ¶ 5.

## IV. LEGAL ANALYSIS

### 1. Assignment of Error

{¶ 11} In appellant's sole assignment of error, appellant contends that the trial court committed reversible error in granting appellee's motion for judgment on the pleadings. We disagree.

{¶ 12} "Ohio has long recognized the employment-at-will doctrine." *Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, ¶ 25, citing *La France Elec. Constr. Supply Co. v. Internatl. Bhd. of Elec. Workers, Local No. 8*, 108 Ohio St. 61 (1923), syllabus. The doctrine provides that "[e]ither party to an at-will employment contract— employer or employee—can terminate the employment relationship for 'any reason which

is not contrary to law.' " *Lunsford* at ¶ 25, quoting *Mers v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 103 (1985).

{¶ 13} The at-will-employment relationship is not without limits. *Lunsford* at ¶ 26. At least two exceptions to the employment-at-will doctrine have been recognized by the Supreme Court of Ohio including "(1) the existence of implied or express contractual provisions which alter the terms of discharge; and (2) the existence of promissory estoppel where representations or promises have been made to an employee." *Wright v. Honda of Am. Mfg., Inc.*, 73 Ohio St.3d 571, 574 (1995), citing *Mers* at 104-05. *See also Nnazor v. Cent. State Univ.,* 10th Dist. No. 16AP-327, 2016-Ohio-8539, ¶ 15. In order to establish the promissory estoppel exception to the employment-at-will doctrine, an employee must prove the following: (1) a promise made by the employer that the employer reasonably should expect would induce action or forbearance on the part of its employee; (2) evidence that the expected action or forbearance actually resulted; and (3) such action or forbearance must have been detrimental to the employee. *Hester v. Case Western Reserve Univ.*, 8th Dist. No. 104415, 2017-Ohio-103, ¶ 56, citing *Mers* at paragraph three of the syllabus. To prevail on such a claim, a discharged employee "must demonstrate a promise, clear and unambiguous in its terms, made by the employer, which the employer should reasonably and foreseeably expect to induce reliance by the employee; the employee must have actually relied on the promise and suffered injury as a result." *Sidenstricker v. Miller Pavement Maintenance, Inc.,* 10th Dist. No. 00AP-1146, 2001 Ohio App. LEXIS 4793, 2001-Ohio-4111 (Oct. 25, 2001), citing *Mers* at 105.

{¶ 14} "A promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine." *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991), paragraph two of the syllabus. *See also Welch v. Finlay Fine Jewelry Corp.*, 10th Dist. No. 01AP-508, 2002 Ohio App. LEXIS 503, 2002-Ohio-565 (Feb. 12, 2002). Furthermore, "Ohio law is clear that for an employer's representations to alter an at-will relationship, the representations must concern and limit the employer's right to discharge the employee." *Welch*, citing *Mers*. Under the *Mers* decision and the cases which follow it, the promise made to the employee must affect either the duration of employment or the circumstances under which the employer may discharge the employee. *Wing*; *Welch*.

"General expressions of optimism or good will are not enough. 'Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship.' " *Craddock v. Flood Co.*, 9th Dist. No. 23882, 2008-Ohio-112, ¶ 8, quoting *Helmick v. Cincinnati Word Processing, Inc.*, 45 Ohio St.3d 131 (1989), paragraph three of the syllabus. "Should promissory estoppel apply, the trier of fact may then determine whether or not appellee had 'just cause' for terminating appellant's employment." *Montell v. Huntington Bancshares, Inc.*, 10th Dist. No. 96APE12-1725, Ohio App. LEXIS 3634 (Aug. 14, 1997).

{¶ 15} "It is well-established that vague, indefinite, or nebulous statements or representations of continued employment will not support a promissory estoppel claim." *Andres v. Drug Emporium, Inc.,* 10th Dist. No. 00AP-1214, 2001 Ohio App. LEXIS 3861 (Aug. 30, 2001), citing *Daup v. Tower Cellular, Inc.,* 136 Ohio App.3d 555, 563 (10th Dist.2000). Appellant's amended complaint does not allege that a specific statement or representation was made to her by appellee or anyone associated with appellee, orally or in writing, that could arguably be construed as a promise of future job security with appellee. Appellant's amended complaint does not identify a single employee or representative of appellee with whom she spoke or corresponded prior to the time she began her employment with appellee. Appellant's amended complaint alleges only that she was "induced to leave her employment with another employer at the time she was hired by Defendant, and would not have left that position but for *representations made by Defendant of higher salary and the nature of the position being something she was both qualified for and able to perform*." (Emphasis added.) (Am. Compl. at ¶ 4.) In our view, it is not reasonable to construe vague and indefinite "representations" by appellee regarding appellant's qualifications and ability to succeed in the position as a clear and unambiguous promise of continued employment. Appellant's subjective belief that she was qualified to perform the property manager position as described to her by appellee is not a substitute for allegations of a specific promise of future job security. *Welch* ("Plaintiff's subjective belief that if she obeyed her supervisors' order she would be ensured continued employment cannot be a substitute for allegations of a specific promise of continued employment by the employer."). Absent some allegation by appellant that anyone associated with appellee made a specific representation to her concerning the duration of her employment or the circumstances under which she

could be discharged, appellant's complaint fails to set forth sufficient facts to support her promissory estoppel claim under *Mers.*

{¶ 16} Accepting the allegations in appellant's amended complaint as true, as is required in ruling on a motion for judgment on the pleadings, it is permissible to conclude that appellee offered appellant a position as a property manager, appellant left her former employment to accept the position, she worked for appellee in that position for a few months, and she was discharged from the position for certain perceived deficiencies in her job performance.  The remaining allegations in appellant's amended complaint relate primarily to the wrongfulness of her discharge.  For example, appellant's amended complaint alleges that her chances to succeed as appellee's property manager were "hampered" by an "unwilling" and "unqualified" maintenance employee, "demanding and harsh" company accountant, and flawed electronic data and accounting systems.  However, even if these allegations are accepted as true, the amended complaint is devoid of facts that would permit a reasonable conclusion that appellee discharged her in contravention of specific promises of future job security made to appellant.  (Am. Compl. at ¶ 5, 7.)  Because the facts alleged in the amended complaint are insufficient to satisfy the promissory estoppel exception to the employment-at-will doctrine, appellant was an at-will employee who could be discharged from her employment by appellee at any time, and for any reason not contrary to law.  *Lunsford* at ¶ 25, *Mers* at 103.

{¶ 17} Appellant claims that the decision of the Second District Court of Appeals in *Newkirk v. Precision Automotive, Inc.*, 2d Dist. No. 12498, 1992 Ohio App. LEXIS 967 (Mar. 3, 1992) supports the application of promissory estoppel under the facts alleged in appellant's amended  complaint.  We disagree.

{¶ 18} In *Newkirk*, the employer hired Newkirk as a district manager and Newkirk left his former position in reliance on this promise.  The employer subsequently informed appellant that he would start as a trainee, but after a few days on the job, the employer told appellant that he was no longer a district manager trainee and could either accept a lower paying position or leave.  The trial court granted the employer's motion for directed verdict on the promissory estoppel claim but permitted the case to go to the jury on the fraud claim.  Newkirk subsequently challenged the trial court's order directing a verdict on the promissory estoppel claim.

{¶ 19} The court of appeals reversed the trial court upon concluding that Newkirk had introduced sufficient evidence to satisfy each of the elements of his promissory estoppel claim. The relevant language in the *Newkirk* decision is as follows:

> Although the trial court as well as counsel for both parties have attempted to resolve the issue of whether Newkirk could establish a promissory estoppel claim on the basis of *Mers* and its progeny, this case law, except as it discusses the elements of promissory estoppel, is not particularly helpful in addressing the promissory estoppel claim in this case. This is because the promise made to Newkirk in this case is not of the same nature as that made in *Mers*. In *Mers* and the cases which follow it, the promises made affected the duration of employment or the employer's ability to terminate employment, while in this case the promise made to Newkirk concerned hiring him. The issue of how long he would remain employed was never discussed. In cases involving *Mers*-type promises, there are invariably competing claims between the doctrines of employment-at-will on one side and promissory estoppel (and/or implied contract) on the other. This is because such promises are inherently in direct conflict with the principle of the employment-at-will doctrine that employers have absolute discretion to terminate employment. However, because the promise to hire Newkirk as a district manager has nothing to do with his employer's ability to terminate his employment, as to the promise of employment, there is no conflict between a claim of promissory estoppel and the employment-at-will doctrine. Hence, the employment-at-will doctrine does not come into play in determining whether this promise can be the basis of a promissory estoppel claim.

*Id.*

{¶ 20} The Second District in *Newkirk* concluded that Newkirk could recover under an estoppel theory because the employer never employed him as a district manager, as was promised. The *Newkirk* court further concluded that the promissory estoppel exception to the employment-at-will doctrine announced in *Mers* did not apply to the facts of the case because the promise made to Newkirk related exclusively to the hiring process and did not relate to the duration of his employment or termination for cause.

{¶ 21} The Second District in *Newkirk* relied on the promissory estoppel theory advanced by the Supreme Court of Minnesota in *Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114 (Minn.1981). In that case, the employee relied on an offered position as a

pharmacist, quit his job and turned down other opportunities, after which the would-be employer refused to hire him. *Id.* at 116. The court found that the employer's breach of the promise to hire was actionable in promissory estoppel. *Id.* [2]

{¶ 22} Here, appellant's amended complaint acknowledges that after she was hired by appellee as a property manager, she commenced her employment with appellee in that capacity and continued to work for appellee as property manager for several months prior to her discharge. There is no allegation by appellant that the position for which she was hired, property manager, was not the position she assumed with appellee. Nor does she allege that she was paid less than the agreed upon salary for the position. Accordingly, the rule of law announced in *Mers* and *Wing,* and the cases decided thereunder, govern our review of the trial court's judgment in this case. The *Newkirk* case is inapposite.

{¶ 23} Construing all material allegations of the complaint as true, and drawing all reasonable inferences in favor of appellant, we find, beyond doubt, that appellant can prove no set of facts in support of her promissory estoppel claim that would entitle her to relief. *Carasalina* at ¶ 8, citing *Pontious* at 570. Thus, the trial court did not err when it granted appellee's motion for judgment on the pleadings and dismissed appellant's complaint, with prejudice.

{¶ 24} We note that the trial court found, alternatively, that appellant's execution of the Acknowledgement and Receipt of Handbook barred any claim she may have had against appellee under the promissory estoppel exception to the at-will-employment doctrine. Exhibit 1 to appellee's answer provides in relevant part as follows:

> I understand and agree that nothing in this Handbook creates, or is intended to create, a promise or representation of continued employment. Employment at A.R. Building Company is employment "at-will." I understand and agree that my employment may be terminated at the will of either the Company or myself. My signature below certifies that I understand that the foregoing agreement of "at-will" status is the sole and entire agreement between A.R. Building Company

---

[2] We note that the *Grouse* decision has been roundly criticized by other courts. *See White v. Roche Biomedical Labs.*, 807 F.Supp. 1212, 1215-16 (D.S.C.1992), *Corum v. Farm Credit Servs.,* 628 F.Supp. 707, 715 (D. Minn.1986), Fn. 7, *May v. Harris Mgt. Corp.*, 928 So.2d 140, 147-48 (La. App. 1st Cir.2005). Similarly, a Federal District Court decision applying Ohio law concluded that the *Newkirk* decision "appears to be the minority viewpoint in promissory estoppel cases." *Godfrey v. Mastec, Inc.*, S.D. Ohio No. 1:15-cv-409, 2015 U.S. Dist. LEXIS 159259 (Nov. 25, 2015).

and me concerning the duration of my employment. *It supersedes all prior and contemporaneous agreements, understandings and representations concerning my employment with A.R. Building Company.*

(Emphasis added.) (Def's Ex. 1, attached to Apr. 24, 2020 Answer to Am. Compl.)

{¶ 25} In *Wing*, the Supreme Court of Ohio found that "absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook." *Wing* at syllabus. Appellant, however, makes no claim that she was discharged in violation of the terms of the employee handbook. Appellant's amended complaint makes no mention of the employee handbook or the acknowledgment she reportedly signed. The trial court found that appellant disclaimed reliance on any promises of future job security appellee may have made to her when she signed the acknowledgement.

{¶ 26} Because we have determined that the facts alleged in appellant's amended complaint do not permit the conclusion that appellee discharged appellant in violation of a specific promise of future job security, we need not consider the effect of the disclaimer in order to overrule appellant's assignment of error and affirm the trial court's judgment. As there were no actionable representations made by appellee, the disclaimer was superfluous. *See Keaton v. Pike Community Hosp.*, 4th Dist. No. 96CA579, 1997 Ohio App. LEXIS 346 (Jan. 27, 1997) ("absence of a disclaimer stating that the handbook is not a contract is irrelevant because without an indication to the contrary, an employment relationship is at-will").

{¶ 27} For the foregoing reasons, appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 28} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____